HUFFSTEDLER *v.* KIBLER.

Opinion delivered December 2, 1899.

1. ADMINISTRATION—HOMESTEAD AS ASSETS.—The homestead of a decedent is assets in the hands of his administrator to pay debts as to which it is not exempt from execution. (Page 241.)

2. PROBATE COURT—JURISDICTION.—The probate court has jurisdiction to order a sale of a decedent's homestead to pay claims duly probated against decedent as guardian, which are a charge against the homestead, under Const. 1868, art. 12, § 3, providing that the benefit of the homestead therein provided for shall not be extended to persons indebted for trust funds. (Page 242.)

Appeal from Randolph Circuit Court.

JNO. B. McCALEB, Judge.

*S. A. D. Eaton,* for appellants.

The land was the homestead of the appellant's ancestor at the time of his death. 41 Ark. 309; 55 Ark. 55; 56 Ark. 621. The sale by the administrator was void, because: *First.* The probate court had no jurisdiction to order the sale of the homestead to pay debts. 47 Ark. 454; Fr. Void Jud. Sales, 35; Thompson, Hom. & Ex. 546. The administrator was not even a proper party. 35 Ark. 24. *Second.* Even if such sale would be made to pay certain privileged debts, it would not be made to pay others not so privileged, but which are mingled with the privileged ones. 52 Ia. 620; 89 N. Car. 396; 30 Minn. 84: *ib.* 259.

*P. H. Crenshaw*, for appellees.

The probate court had jurisdiction. Sand.' & H. Dig., §
110; 18 Ark. 334; 113 U. S. 604; 39 Ark. 577; 23 Ark. 604;
33 Ark. 658; 45 Ark. 495; *ib.* 229; 49 Ark. 76; 51 Ark. 361.
It would not have altered the rights of the parties if the guardian had chosen to settle by note and judgment had been rendered thereon. 45 Ark. 108; 46 Ark. 43; 51 Ark. 84.

BUNN, C. J, This is a suit, originally in ejectment, by
Laura K. Huffstedler and Donald B. Alcorn, children and heirs
at law of Hamlet F. Alcorn, deceased, to recover the lands
mentioned from appellees, Nancy M. Kibler and her husband,
M. H. Kibler, and Columbus McIlroy; and subsequently in the
progress of the cause, at the instance of defendants, it was
transferred to the equity docket, and the chancellor dismissed
the bill for want of equity; and plaintiffs appealed.

Hamlet F. Alcorn died in 1873, seized of an estate in fee
in the southeast fractional quarter of section 31, township 20
north, range 1 west, in Randolph county, Arkansas, and occupying the same as his homestead. He left surviving him the
plaintiff, Laura K. Huffstedler, by his second wife, and Donald
B. Alcorn, by his third wife. The first wife of Hamlet F.
Alcorn was Margaret, the daughter of Fielding Stublefield,
who died in 1862, leaving the following children by her said
husband, to-wit: William L., known as "Lawrence;" Margaret
A., known as "Ann;" Joseph; and Israel, known as "James."
They were living during the pendency of this suit in the trial
court, and Hamlet F. Alcorn became their statutory guardian
after their mother's death. These children inherited from their
grandfather, Fielding Stublefield, a certain interest in his real
estate, and this had been sold by a commissioner of court for
the purpose of partition between them and the other heirs
of their deceased grandfather, and the proceeds coming to
them were paid over to their father and guardian, who became responsible therefor as such, and had this fund in hand
when he died in 1873. Hamlet F. Alcorn had occupied the
land in controversy for a long time, until a little while
before his death, which occurred at the house of a neighbor. It does not appear that he had abandoned the land

as his homestead. Indeed, that it was his homestead until his death is not seriously controverted. O. G. Fry became his administrator, and in due course, by order of the probate court, sold his homestead land to pay the debts owing to his said wards, which were duly probated against his intestate's estate. These debts, together with expenses of administration, were substantially all that were probated against the estate, so far as the record shows. The plaintiffs in this suit claim the land in controversy as heirs of their father, Hamlet F. Alcorn; contending that the sale of his homestead by his administrator to pay debts was illegal and void. The defendant, M. H. Kibler, purchased the land at the administrator's sale, and conveyed the same afterwards to his wife, Nancy M. Kibler, and she to McIlroy, and they claim that the administrator's sale was legal, because it was to pay debts from which the homestead was not exempt. This is the sole question in this case.

It is contended by appellants that a chancery court, and not the probate court, would have been the proper tribunal in which the privileged debts should have been adjudicated; that the homestead was not assets in the hands of the administrator, and therefore was not subject to sale by order of the probate court,—citing *McCloy* v. *Arnett*, 47 Ark. 445, in which the sale was ordered to pay ordinary debts, and therefore it is not in point in this case. In *Gilbert* v. *Neely*, 35 Ark. 24, also cited by appellants, it is said by this court (after discussing the subject of the construction of the homestead provisions in the constitution of 1868): "The widow and minor children, if there were minor children, did not, upon the death of the husband and father, succeed to a right more extensive, except as to the condition of occupancy, than he possessed,"—citing Thompson on Homesteads, § 547.

Now, what was the right of the father in that case, and what was the right of the father in the lands in the case at bar, as against the privileged debts? The constitution of 1868, by which the rights of the parties in both cases are fixed, expressly provided that the benefit of the homestead should not be extended to persons indebted for trust funds (art. 12, § 3.) Alcorn in his lifetime could not have pleaded his homestead as exempt from

the payment of these fiduciary or trust debts. Neither could his widow and minor children, if there were such, have claimed the homestead as exempt from the payment of such debts. That is the plain meaning of the decision last cited. The real estate of a decedent is assets in the hands of his administrator to pay his debts, except lands exempted as a homestead; but, in order to make the exception, the lands must be exempt.

This leaves only the question of the proper tribunal to adjudicate the privileged debts. Under the law now existing—the law of the remedy (and this, in this respect, has not materially changed)—the probate court has exclusive original jurisdiction in all matters relating to the probate of wills and testaments, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates, and in the settlement and allowance of accounts of executors, administrators and guardians. Now, in the matter referred to in this record, the accounts of the wards were presented to the administrator of the estate by the guardian for allowance, and were by him allowed, and were duly probated. It would be impossible for the administrator or the probate court to pass upon these claims in behalf of minors against their deceased guardian without ascertaining the relation existing between them, and, that relation being shown, the claims are necessarily such as are freed from the claim of homestead exemption. The probate court in this matter was passing upon the character of the debt, not of the land. A plain and adequate remedy is in the probate court to ascertain what a debt is for, and the relation which existed between the parties to it. That being true, we see no reason why the sale by the probate court should be disturbed. Of course, such sale might be set aside for fraud, or on some other equitable ground, in a direct proceeding in equity, but nothing of that kind appears here.

Affirmed.

BATTLE, J., absent.