PRISCILLA McKEEN, Guardian, *vs.* SYLVESTER WALDRON and others.

January 23, 1879.

Contingent Claims against Estates of Deceased Persons.—A contingent claim against the estate of a deceased person, which does not become absolute within the time limited for creditors to prove their claims before commissioners, is not barred by not being presented to the commissioners or to the probate court; but the holder of such claim may, after it becomes absolute, maintain an action against the heirs, devisees, next of kin or legatees, to whom the estate has been distributed, to recover such claim, to the extent of the estate so distributed.

This action was brought in the district court for Hennepin county, by the plaintiff as guardian of the persons and estate of the minor children of Delos T. Jones, deceased, against the defendant Waldron as principal, and the defendant Kruckeberg as surety, and the defendants Alvira Bidwell and others as heirs at law and legatees of M. D. Bidwell, deceased, also a surety, in a bond given by defendant Waldron, as administrator of Delos T. Jones.

A jury was waived, and the action tried before *Young, J.,* who found that Waldron was the administrator of Delos T. Jones, duly appointed by the probate court of Hennepin county, and that the defendant Kruckeberg and one M. D. Bidwell were the sureties on his bond as administrator, which was duly approved and filed on December 5, 1872. Waldron's accounts as administrator were finally settled and adjusted by the probate court on May 29, 1877, and there was found to be a balance in his hands of $1,419.65, to be distributed to the next of kin, and by an order made on that day, the probate court directed that such amount be distributed, in equal shares, between Edwin Delos Jones and Agnes Ellen Jones, who were declared to be the next of kin and only heirs-at-law of the intestate. Waldron has never paid over any part of the amount, though the plaintiff, who is the duly

.appointed guardian of the distributees, (who are minors,) has made due demand.

Prior to the settlement of Waldron's accounts, Bidwell, the surety on his bond, died, and his estate was duly administered in the probate court of Hennepin county; commissioners were duly appointed to receive and examine claims against his estate, who performed their duty in all respects, and made due report to the probate court; and after payment of the debts proved against the estate, the property remaining was, by order of distribution made by the probate court, directed to be paid, and was paid, to the defendants Alvira Bidwell and others, heirs-at-law and legatees of M. D. Bidwell. No application for the allowance of any claim on the bond in question was ever made to the commissioners of Bidwell's estate.

As a conclusion of law, the court found that the heirs-at-law of M. D. Bidwell to whom had been distributed the estate of Bidwell before the plaintiff's claim became absolute, and who are defendants herein, were liable to the plaintiff pro rata, to the extent of the estate so by them respectively received. A new trial was refused, and the heirs of Bidwell appealed.

*Wilson & Lawrence*, for appellants.

*Woods & Babcock, Webster & Flannigan*, and *A. C. Smith*, for respondent.

GILFILLAN, C. J. This case, as does almost every case coming here upon the same statute, shows the urgent need for a thorough revision of the statutes regulating the settlement of the estates of deceased persons. Those interested in such estates are frequently widows and infants, incapable of adequately protecting their interests. The administration of the estates is mainly controlled by the probate courts, the judges of which are oftentimes men not learned in the law. The statutes on the subject should be as simple and clear as language can make them. On the contrary, they are the

most complicated, obscure and confusing statutes in the statute book.

The question in the case is, can the obligee in a penal bond, executed by a person since deceased, and whose estate has been fully administered and distributed before a breach in the condition of the bond, and the claim upon which bond was not presented for proof either to the probate court or to the commissioners appointed to audit claims against the estate of the deceased obligor, maintain an action on the bond, after breach of its condition, against the heirs, devisees, next of kin or legatees to whom the estate has been distributed?

Gen. St. *c.* 53, which treats of the proof and payment of debts in the course of administration, seems to contemplate two classes of claims, one, of those for which the liability is absolute and fixed, including those not yet due; the other, of those the liability for which depends upon some future contingent event. The latter are designated "contingent claims," and in this class falls a penal bond the condition of which has not been broken. The first forty-two sections of the chapter are devoted to the establishment and payment of claims of the first class, an¹ the distribution of the estate after they are paid. As to those, section 14 provides: "Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required herein, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever." Section 49 saves such a claim from the bar if the appointment of commissioners is omitted. Except in case of such omission, no action on a claim proper to be allowed by the commissioners can be maintained against any one, executor, administrator, heir, next of kin, devisee or legatee, unless it has been presented to and allowed by the commissioners. The actions regulated in Gen. St. *c.* 77, are not actions on claims so barred by the provisions of chapter 53. Sections

43 to 49 inclusive, of chapter 53, treat of the second class of claims, or "contingent claims." The provisions of those sections must be considered, to determine if a contingent claim is one proper to be allowed by the commissioners, within the meaning of section 14, so as to be barred unless presented to them.

Section 43 provides: "If any person is liable as security for the deceased, or has any other contingent claim against his estate which cannot be proved as a debt before the commissioners or allowed by them, the same may be presented with the proper proof to the commissioners, who shall set forth the claim and proof in their report; and said court may order the executor or administrator to retain in his hands sufficient to pay such contingent claim when the same becomes absolute; or, if the estate is insolvent, sufficient to pay a proportion equal to the dividends of the other creditors."

"Sec. 44. If such contingent claim becomes absolute, and is presented to the executor or administrator at any time within two years from the time limited for other creditors to present their claims to the commissioners, it may be proved before the commissioners already appointed, or before others to be appointed for that purpose, in the same manner as if presented for allowance before the commissioners had made their report."

Section 45 provides for the payment of such contingent claim, when allowed, to the same extent as other creditors, and for the disposition of the assets or residue thereof retained to meet the claim.

From these sections, we conclude that when a claim resting in contingency becomes absolute, so as to be capable of being fully established before, and allowed by, the commissioners, within the time limited for other creditors to prove their debts, it is a claim proper to be allowed by the commissioners; and that the holder of a contingent claim may have provision made for its security, by retention of assets in the hands of the executor or administrator, if the claim do not become absolute

before the expiration of the time limited for other creditors to prove their debts, by presenting to the commissioners and making proof before them of the obligation or transaction upon which the contingent liability rests; and that these assets shall be retained until at least two years from the time limited for other creditors to prove their debts; and in case the claim becomes absolute, and is presented to the executor or administrator within that two years, he may have an opportunity to establish the claim as a debt before commissioners, in the same manner as if it had been presented for allowance before the commissioners first appointed had made their report. But these sections do not provide for payment of a contingent claim in course of administration, unless it becomes absolute before the end of the two years specified, nor for delaying full administration, except to anticipate the becoming absolute, within the time, of contingent liabilities reported by the commissioners. They are to secure to the holder of the claim, for a limited time only and upon a contingent event, participation with the other creditors in the application of assets coming to the hands of the executor or administrator. But there is no attempt to compel the holders of such claims to avail themselves of this security, as there is to compel the holders of absolute claims to present them for adjustment and settlement. The statute is not imperative upon such holders to present their contingent claims to the commissioners. If they wish to arrest assets in the hands of the executor or administrator, to meet their claims in case they become absolute within the time specified, they can do so only by presenting them with the proof to the commissioners, for them to report to the probate court. It is optional with them to do that or not, and a failure to do it does not work a bar of their claims.

That this is so, is further apparent from sections 46, 47, 48. Section 46 provides, "If the claim of any person accrues or becomes absolute at any time after the time limited for creditors to present their claims, the person having such claim

may present it to the probate court, and prove the same, at any time within one year after it accrues or becomes absolute; and if established in the manner provided in this chapter, the executor or administrator shall pay it if he has sufficient assets for that purpose, or such part as he has assets to pay; and if real or personal estate afterward come to his possession, he shall pay such claim, or such part as he has assets sufficient to pay, not exceeding the proportion of the other creditors, in such time as the probate court may prescribe." Section 47 provides for actions against heirs, devisees or legatees, to recover such part as the executor or administrator may not have paid of claims proved as provided in section 46; and section 48, for the plea of *plene administravit*, when the executor or administrator may be sued for claims proved under section 46, if he have administered the estate coming to his hands. Section 46 does not—certainly not by its terms —apply to claims the holders of which have acted under sections 43 and 44. Its provisions seem to be for the benefit of those who have failed to arrest assets in the hands of the executor or administrator pursuant to sections 43 and 44, and gives them a right to secure participation in the application of such assets as have not already been administered at the time when they establish their claims.

No contingent claims are provided for in this chapter, except by the sections quoted. There is nothing with respect to such as may become absolute after administration is closed, and the jurisdiction of the probate court is exhausted. The holder of such a claim, after it has become absolute, is undoubtedly a creditor within the meaning of chapter 77, regulating actions by creditors against heirs, devisees, next of kin and legatees. They are not barred by section 14 of chapter 53, because they are not proper to be allowed by the commissioners; and the provisions of sections 43, 44, 46, 47, 48 are not for the purpose of preserving them as claims, but to give the holders of contingent claims an opportunity, within a limited time and on the prescribed conditions, to secure pay-

ment of the claims through administration, instead of resorting to those to whom the remainder of the estate may have been assigned.

The action will lie.    Order affirmed.