ALFRED J. HILL vs. ISABELLE NICHOLS.

November 25, 1891.

Estates of Decedents—Failure of Creditor to Present Claim—Action
against Heir.—A creditor having a claim against the estate of a de-
ceased person is barred of his right to recover against the heir, if he
neglects to present his claim for allowance in the course of probate pro-
ceedings.

Appeal by plaintiff from an order of the district court for Ramsey
county, *Kelly*, J., presiding, sustaining a demurrer to the complaint
in an action brought January 3, 1891, to enforce payment of a note
of $100, and interest at two per cent. per month from September
30, 1858.

*F. W. Zollman* and *John H. Ives*, for appellant.

*John L. Townley*, for respondent.

DICKINSON, J.   By the complaint these facts are disclosed:  In
1858 one Potter, in consideration of money loaned, executed to the
plaintiff, who then was and ever since has been a resident of this
state, his promissory note, payable six months thereafter.   Before
the maturity of the note Potter left the state of Minnesota, and
never afterwards resided therein.   In 1867 he died intestate in the
state of Texas.   At the time of his death he owned certain land,
which is within the present limits of Ramsey county, in this state.
The defendant was a daughter of Potter, and his sole heir-at-law.
She is a resident of the state of Texas, and has never resided in this
state.   In June, 1889, upon petition of the defendant, probate pro-
ceedings were instituted in the probate court of Ramsey county.
An administrator was appointed, and in June a period of six months
was fixed within which claims against the estate should be filed.   No
claims were presented, and in January, 1890, the administrator ren-
dered his final account, and was discharged, and administration
upon the estate was closed.   By decree of the probate court the land
referred to was assigned to the defendant as the heir-at-law of Pot-
ter.   There was no other property belonging to the estate.   In this

action a recovery is sought against the defendant upon the principle, embodied in our statute, (Gen. St. 1878, *c.* 77, § 13,) that heirs and devisees are liable to an action by a creditor of a deceased person to recover the debt, to the extent of the value of any real property inherited by or devised to them.

As the statute stood prior to October, 1889, when the Probate Code enacted in that year (chapter 46) went into effect, the fact that the plaintiff did not present his claim against the estate for allowance in the probate court would preclude a recovery against the heir. *Bryant* v. *Livermore*, 20 Minn. 271, (313;) *Fern* v. *Leuthold*, 39 Minn. 212, (39 N. W. Rep. 399;) *Hill* v. *Townley*, 45 Minn. 167, 168, (47 N. W. Rep. 653.) Moreover, by the neglect of the plaintiff for such a period of time—more than 20 years after the death of his debtor—to take any proceedings to secure an allowance of and to enforce his claim against the estate, he lost the right to have it allowed and enforced. He became barred by his own laches. *O'Mulcahey* v. *Gragg*, 45 Minn. 112, (47 N. W. Rep. 543.) The right to establish and enforce the debt against the estate having been thus extinguished, it would follow as a consequence that he could not enforce payment of it out of the property which had belonged to the estate or recover from the heir. It would be strange if the liability of the heir, of a secondary nature, should survive after what may be termed the primary liability of the estate had been barred by the neglect of the creditor himself.

If it were conceded that the provisions of the Probate Code of 1889 are applicable to this case, still section 107 cannot be construed so as to sustain this action. The plaintiff relies upon the proviso following the provision that "no claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court, as herein provided, within five years after the death of such decedent." The proviso is that "said provision shall not be construed as affecting the right of a creditor to recover from the next of kin, legatee, or devisee to the extent of assets received." We are satisfied that it was not intended by these negative terms, declaring the five-years limitation therein specified to be inapplicable to affect the rights of creditors to recover from the next of kin, legatee, or dev-

see, to impair or qualify the plain meaning and force of the provision in section 104 that all claims must be presented to the probate court within the time limited by order therefor, and that any claim not so presented is barred forever. In view of the effect given by the decision in *Bryant* v. *Livermore, supra,* to similar provisions in the statutes in force prior to the adoption of the new Code, (see Gen. St. 1878, *c.* 53, § 14,) there can be no doubt that, by force of this section 104, the failure to present a claim to the probate court would not only bar the assertion of the claim against the estate, but preclude a recovery against the heir. We need not consider whether, if the new Code is applicable, this action would be barred by the lapse of time since the death of the debtor. It is enough that it became barred by the neglect of the plaintiff to present his claim for allowance and payment in the probate proceedings.

Order affirmed.