## MILLER v. DAVIS.

Opinion delivered February 3, 1900.

1. HOMESTEAD—EXEMPTION.—Under the Constitution of 1868 (art. 12, § 3), as under the Constitution of 1874 (art. 9, § 3), the probate court had no jurisdiction to order the sale of a decedent's homestead for the payment of the ordinary debts of the estate. (Page 2.)

2. SAME—FIDUCIARY DEBTS.—Where a decedent died leaving a wife and infant children surviving him, a probate sale of his homestead to pay his debts generally is void, though the homestead would not have been exempt as to part of such debts, being of a fiduciary character. (Page 2.)

3. SAME—EJECTMENT—BURDEN OF PROOF.—In ejectment by minor heirs to recover the ancestral homestead, which had been sold by order of the probate court for the payment of the ancestor's debts, the burden is on the defendant, claiming under such probate sale, to show that all of the debts for which the homestead was sold were of a fiduciary nature. (Page 3.)

Appeal from Lawrence Circuit Court in Chancery, Western District.

RICHARD H. POWELL, Judge.

### STATEMENT BY THE COURT.

This is an action by two of the children and minor heirs of A. J. Cravens, to recover a tract of land owned and occupied by him as a homestead at the time of his death, which occurred about 1870. After his death the land was, by order of the probate court, sold to pay debts of his estate, and the appellant, John Miller, Jr.,

claims under such sale. This sale was made during the minority of some of the children of Cravens. The circuit court held that the probate court had no right to sell the homestead of the minors, and that such sale was void. Judgment was therefore rendered in favor of plaintiffs.

*P. H. Crenshaw,* for appellant.

The homestead was not exempt from sale for debts of a fiduciary nature. Const. Ark. (1868) sec. 3, art. 12; 35 Ark. 24; 53 Ark. 303; 56 Ark. 555; 54 S. W. 210. The question of exemption is settled when the debt is created. 42 Ark. 385; 46 Ark. 43; 51 Ark. 84; 45 Ark. 108.

*Phillips & Campbell,* for appellee.

As there is no final order in this case, the appeal should be dismissed. Sand. & H. Dig. § 1016. On the death of one indebted for trust funds, the claim for such funds must be duly authenticated, allowed and paid, as other demands. 23 Ark. 604; 39 Ark. 577; 45 Ark. 299.

RIDDICK, J., (after stating the facts). It has been settled by repeated adjudications in this state that the probate court has no jurisdiction to order the sale of the homestead for the payment of the ordinary debts of the estate. This was the law under the constitution of 1868, as well as under our present constitution. *Bond* v. *Montgomery,* 56 Ark. 563; *Burgett* v. *Apperson,* 52 Ark. 213; *McCloy* v. *Trotter,* 47 Ark. 445; *Booth* v. *Goodwin,* 29 Ark. 633.

The homestead does not go to the administrator as one of the assets of the estate for the payment of debts, but, after the death of the owner thereof, passes to his widow and children, to be held by them exempt from the debts of the estate during the period provided by law. If, during this period, the probate court attempts to sell it for the payment of the debts of the estate, the sale, as a general rule, is void. To this rule there are exceptions, and one of them is that the homestead is not exempt from sale for debts due in a fiduciary capacity. *Gilbert* v. *Neely,* 35 Ark. 24. As to such debts, there is no homestead exemption. But, as the jurisdiction of the probate court to order the sale of the homestead is limited to exceptional cases when the debts for the payment of which the sale is ordered are of a certain kind, the burden in an action of ejectment rests on the party claiming the homestead land under such a sale to show that it was made for the payment of a privileged debt.

*Anthony* v. *Rice,* 110 Mo. 223. It is not enough to show that among the debts of the estate there were fiduciary or privileged debts for which the homestead might have been sold. It must appear from the record of the proceedings in the probate court or in some other legitimate way that the order for the sale of the homestead was in fact made for the purpose of paying such a debt. As probate judges in this state are not required to be learned in the law, the substance, rather than the form, of the record will be regarded, but there should be enough to show that the debt for which the homestead is ordered sold is one for the payment of which it is not exempt. *Howe* v. *McGivern,* 25 *Wis.* 525; *Daudt* v. *Harmon,* 16 Mo. App. 103; 1 Woerner, Administration, § 102.

Now, it appears from the testimony in this case that among the debts probated against the estate of Cravens were debts which he owed as guardian for funds in his hands belonging to his wards. But there does not seem to have been any petition filed or order made to sell the homestead for the special purpose of paying these fiduciary debts. So far as the record discloses, there was no finding or judgment of the probate or other court that Cravens owed debts as a trustee, and no order made for the sale of the homestead to pay such debts. The estate owed many debts besides these trust debts, and the homestead, with the other lands of the estate, was ordered sold to pay the debts of the estate generally. Although it was shown that a portion of the debts for which the homestead was sold was trust debts, the evidence did not show that the other debts for the payment of which the homestead was sold were debts for which the homestead was liable. It is true the administrator, Mr. Thornburgh, testified that "a large part of the indebtedness" of the estate was of a fiduciary character, and that the judgments against the estate on account of such debts "amounted to more than the available assets of the estate outside of the lands." Counsel for appellant, in their brief on motion to rehear, call attention to the claims which this witness said were fiduciary debts, and then proceed to say that "there is nothing in the transcript to show that any of the other claims were not fiduciary debts." But the amount of these claims, the nature of which, counsel say, is not shown in the transcript, is considerable. The total amount of the claims probated against the Cravens estate was something over $6,000. Now, even if we concede that the word "guardian," or other like word, which in some instances follows the name of the person to whom the claim belongs, as shown on the list of claims copied in the transcript,

proves that such debts were of a fiduciary character, yet all these debts, with those which Mr. Thornburgh said were of that kind, amount to only about $4,000, leaving, according to our computation, at least $2,000 of the claims probated against the estate of Cravens the nature of which is not shown. There is nothing to show that these last-mentioned claims were or were not fiduciary debts. In noticing this point counsel for appellant, in their brief on motion to rehear, say: "Whether the debts were all fiduciary or not, no one can possibly say from this transcript, but that was a question on which the probate court necessarily passed judgment; for, in the absence of proof of the fiduciary character of the debts, no order of sale could be made." The answer to this argument is, to repeat what we have before stated, that the homestead was not an asset in the hands of the administrator. The probate court had no jurisdiction to order it sold except for debts of a certain kind. The burden of proof to show that the court had jurisdiction to sell the homestead was on the defendant, who claimed it under the probate sale. He did not show this or show any adjudication of the questions presented here by the probate court. The evidence did not show that all the debts for the payment of which the land was sold were trust debts. Neither the petition for the sale nor the judgment of the probate court ordering the sale was introduced in evidence. We therefore do not know that the probate court ever undertook to determine that all of the debts probated were fiduciary debts, or that the homestead was ordered to be sold for the payment of fiduciary debts only. On the contrary, the administrator's report of sale and the agreed statement of facts tend, as we think, to show that the questions whether the land was a homestead and whether the debts were trust debts were not presented to or determined by the probate court, but that this land, which had been used as a homestead, and other lands of the estate were sold to pay the debts of the estate generally, without any reference to whether they were or were not fiduciary debts. In other words, so far as we can ascertain from the transcript, the probate court made no distinction between the homestead and other lands, but ordered all the land of the estate, including the homestead, sold to pay the debts probated against the estate, without regard to their nature. As a large portion of these debts are not shown to have been of a fiduciary nature, it does not appear that the homestead was liable for such debts, or that the probate court had any power to order it sold in that way. We are therefore

of the opinion that the circuit court correctly held that the sale was void.

We do not regard the case of *Huffstedler* v. *Kibler*, recently decided by this court (67 Ark. 239), as in conflict with our conclusion here, for the opinion in that case states that the trust debts "were substantially all that were probated against the estate," and the homestead was sold to pay those fiduciary debts. If this statement was correct, the judgment in that case was right; if not correct, there was a mistake of fact in that case, which does not affect the rule of law laid down.

Counsel for appellant contend that the evidence shows that Cravens left surviving him at least six children, and that therefore the two appellees are only entitled to two-sixths of the land, instead of the one-half interest for which they recovered judgment. But the answer of appellant admits that, at the commencement of the action, only four of the children were living, and we infer from statements in the answer that the other heirs died without issue.

On motion to rehear counsel for appellant have discussed the question as to whether the rights of plaintiffs were barred by limitation, and also the right of defendant to subrogation, but, as no reference to these questions was made in the original brief, so as to call for a decision of the court thereon, it is, under the rules, too late to insist on them now. We deem it unnecessary to consider them also for the reason that the cross complaint of defendant asking for subrogation was dismissed without prejudice, and he is free to assert the rights to which he is entitled on that ground in another proceeding. We are therefore of the opinion that the judgment of the circuit court should be affirmed, and it is so ordered.