## EREKA RAMSTADT v. OLE THUNEM AND OTHERS.[1]

February 23, 1917.

Nos. 20,193—(288).

**Action against heirs for debt of ancestor — homestead — preferred claim.**
1. An action by a creditor of a decedent pursuant to G. S. 1913, §§ 8182-8192 (R. L. 1905, §§ 4510-4520), to recover of the defendants, heirs of the deceased, to the extent of the value of real property inherited by them, may be maintained though his claim was not presented to the probate court, the sole property of the deceased and that inherited being a homestead, the debt of the creditor being for the labor performed by a servant and excepted by Const. art. 1, § 12, from the operation of the

[1]Reported in 161 N. W. 413.

homestead exemption statute, no order limiting the time for filing claims having been entered by the probate court, the statute, G. S. 1913, § 7320 (R. L. 1905, § 3727), providing that when the only property of the deceased is, a homestead, no such order need be made.

**Verdict not excessive.**

2. The verdict is sustained by the evidence and it is not excessive.

**Work and labor — agreed price — charge to jury without prejudice.**

3. The court instructed the jury that, if the plaintiff commenced work for the deceased at an agreed price, the presumption was that she continued at such price for a reasonable time while the conditions remained the same. The defendant excepted, upon the ground that the agreed price would control until a new bargain was made. In view of the fact that the conditions under which the work was done were substantially unchanged, and that the verdict was apparently based upon an allowance of the reasonable value for the whole period of service, it is *held* that there was no prejudicial error in the instruction.

Action in the district court for Swift county to recover $1,366.50 for services performed by plaintiff for the father of defendants. The case was tried before Daly, J., who at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $1,111. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Fosnes & Fosnes,* for appellants.

*John I. Davis,* for respondent.

DIBELL, C.

Action to recover of the defendants, heirs of a decedent, to the extent of the property inherited by them, the amount of a claim against the deceased. There was a verdict for the plaintiff. The defendants appeal from the order denying their alternative motion for judgment or a new trial.

1. Jens O. Thunem died on April 16, 1915. His sole property was his homestead. On May 24, 1915, it was decreed by the probate court to the defendants, the heirs at law of the deceased. No order was entered limiting the time for filing claims. The statute provides that when the decedent leaves no property except a homestead such order need not be

made. G. S. 1913, § 7320 (R. L. 1905, § 3727). The plaintiff's debt was for labor and services within Const. art. 1, § 12, which provides that property exempted by the statute shall be subject to seizure and sale for such a debt. The right of a creditor to recover of heirs to the extent of the value of real property inherited by them is fixed by G. S. 1913, §§ 8182-8192 (R. L. 1905, §§ 4510-4520). A creditor whose claim is provable and who does not present it for allowance in the probate court is barred of his right to recover of the heirs. Hill v. Nichols, 47 Minn. 382, 50 N. W. 367; Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069. These cases do not involve a situation where no order limiting the time for the presentment of claims was made, where the only property, a homestead, was decreed to the heirs, and where the plaintiff's debt was excepted from the operation of the homestead statute. The question is whether a plaintiff having such a debt and the sole property of the deceased being a homestead, it having been decreed to the heirs by the probate court and no order having been made limiting the time for presenting claims, can maintain an action against the heirs. We hold that he can. The question is one of statutory construction. We do not hold that a creditor may not present his excepted claim to the probate court and that the probate court may not subject the homestead to it. So far as we have noted them the cases hold either directly or by implication that the homestead may be reached and applied to the discharge of the excepted debt in the probate court. Fudge v. Fudge, 23 Kan. 416; Miller v. Davis, 69 Ark. 1, 64 S. W. 97, 68 S. W. 23, 86 Am. St. 167; Anthony v. Rice, 110 Mo. 223, 19 S. W. 423; Daudt v. Harmon, 16 Mo. App. 203; Perrin v. Sargeant, 33 Vt. 84. We do not hold that if an order limiting time had been made the plaintiff need not have proceeded in the probate court. We are not favorably disposed to a rule which will permit laxity or delay in this class of claims. Our holding is limited to the precise situation presented.

2. It is claimed that the verdict is not sustained by the evidence and that it is excessive. We have examined it carefully. The decedent was a cripple living on his 80 acre homestead a few miles out of town. The plaintiff concededly worked for him. If her testimony is true his condition required quite constant care. There was evidence that the plaintiff worked for an agreed price, much less than the reasonable value for

which she sued, and that she had been paid or had settled for it at least in part. It was not conclusive. There is evidence to sustain the verdict and we cannot say that it is excessive.

3. The plaintiff sued for reasonable value. The time of her employment was not in dispute. It was as alleged in the complaint from April 1, 1912, to April 16, 1915, inclusive. There was evidence that she was to work for $8 a month and have feed and pasture for a horse. The court instructed the jury that, if it found that the plaintiff went to work for this sum, the presumption was that she continued at the same price for a reasonable time while the conditions remained the same. Exception was taken to this charge upon the ground that if she went to work at such price it would control until a new bargain was made. Perhaps the charge was inaccurate. The conditions under which the plaintiff worked were substantially unchanged throughout. The substance of the plaintiff's testimony is that her services were worth $1 a day. She worked 1,111 days. The verdict was for $1,111. It is clear that the jury found upon this basis and not upon the basis of $8 a month for a portion of the time. If erroneous the instruction was without substantial prejudice.

Order affirmed.