[1] Reported in 268 N.W. 707.
This case comes here on a writ of certiorari to review the action of the probate court in denying the relator's petition for summary distribution. The question presented involves the validity of provisions of the new probate code authorizing the entry of a final decree, with or without notice, assigning the estate to the persons entitled thereto without the appointment of a representative "for the reason that all of the property in the estate is exempt from all debts and charges in the probate court." Minnesota Probate Code, § 125 (L. 1935, c. 72).
Katherine A. Peterson died testate July 14, 1932, leaving only a homestead, which was devised to her surviving husband. In December, 1935, he petitioned the probate court for summary distribution under § 125 praying that no representative be appointed and for immediate distribution assigning the homestead to him. Upon the hearing of his petition, the will was admitted to probate, but the petition for summary distribution was denied. The court found that Mary Zellner, who appeared at the hearing, was a creditor of the decedent for labor and services of a character and nature which would make the homestead liable to seizure and sale therefor under art. 1, § 12, of the constitution of this state. She asserted the right to file her claim and to have it examined and allowed by the probate court to the end that the homestead might be subjected to payment thereof. No question of discretion is here involved, it being conceded that the court did not act in the exercise of discretion. *Page 47 
Art. 1, § 12, of our state constitution provides in part:
"A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same; and provided further, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed." (The provisos were adopted at the November 6, 1888, election.)
Section 100 of the Minnesota Probate Code provides in part:
"If it appears from the petition that the decedent left no property except such as may be allowed to the spouse and children under Article III, Section 28, or such as is exempt from the claims of creditors, or such as may be recovered in an action for death by wrongful act, or if more than five years have elapsed since the decedent's death, no order in respect to claims need be made."
Section 125 of the probate code provides in part:
"If upon the hearing of a petition for special administration, general administration, or for the probate of a will, the court determines that there is no need for the appointment of a representative and that the administration should be closed summarily for the reason that all of theproperty in the estate is exempt from all debts and charges inthe probate court, a final decree may be entered, with or without notice, assigning such property to the persons entitled thereto pursuant to the terms of the will, or if there be none, pursuant to Article III."
Section 27, subd. c, provides that when the homestead descends to the spouse or children —
"* * * it shall be exempt from all debts which were not valid charges thereon at the time of decedent's death; in all other cases, it shall be subject to the payment of the items mentioned in section 29. No lien or other charge against anyhomestead which is so exempted *Page 48 shall be enforced in the probate court, but the claimant mayenforce such lien or charge by an appropriate action in thedistrict court."
Section 100 provides that a notice for hearing on claims may be incorporated in the order for hearing a petition for the probate of a will or for general administration but that no order in respect to claims need be made where the decedent left no property "except * * * such as is exempt from the claims of creditors." From the other provisions of the probate code it seems clear to us that the phrase last quoted means exempt from the claims of creditors in the probate court, and the statute should be so read. It would be idle to give notice to claimants to file claims in a court which is by statute forbidden to enforce or satisfy them. Such claimants are specifically directed to go elsewhere for relief.
Art. 6, § 7, of our constitution provides that the probate court "shall have jurisdiction over the estates of deceased persons and persons under guardianship, * * *." We have held that this provision gives the probate court the entire and exclusive original jurisdiction over the estates of deceased persons. Boltz v. Schutz, 61 Minn. 444, 64 N.W. 48. While the homestead is exempt from claims of general creditors, and we have said that it does not become part of the estate for any purpose, it does become subject to the jurisdiction of the probate court for certain purposes. In re Estate of Christianson, 191 Minn. 166, 253 N.W. 661.
Prior to the constitutional amendment of 1888 the homestead was exempt from seizure and sale on execution for the payment of any debt or liability whatsoever. The effect of the 1888 amendment was to lift the homestead exemption from claims for work done or materials furnished in the construction and repair or improvement of the same and also from claims for labor and services. When such claims exist the homestead is not exempt as to them. They are not, however, by force of the constitutional amendment, either liens or specific charges against the homestead. Nickerson v. Crawford, 74 Minn. 366, 369,77 N.W. 292, 73 A.S.R. 354. They become such only by force of the mechanics lien law or upon resort to the remedies set out in Gregory Co. v. Cale, 115 Minn. 508, 513, *Page 49 133 N.W. 75, 37 L.R.A.(N.S.) 156. The legislature might in its wisdom make labor claims liens upon the homestead and provide for their preservation and enforcement as such. So far as labor claims which are not a basis for mechanics' liens are concerned, our attention has not been called to any statute which imposes or preserves such claims as liens except as above referred to.
But the question here presented is not whether claims against the homestead might be enforced in the probate court if proper procedure were therein provided, but whether under our constitution the exclusive jurisdiction conferred upon the probate court prevents the legislature from excluding from probate jurisdiction the enforcement of such claims against the homestead.
The leading case in this state on probate jurisdiction is Comstock v. Matthews, 55 Minn. 111, 56 N.W. 583, in which Mr. Justice Mitchell discussed the subject in his characteristically clear manner. As there stated, the constitution in committing to probate courts jurisdiction over the estates of deceased persons and those under guardianship did so without defining its extent and left the limitations thereon to be fixed by statute within the general powers named. This court, after considering the history of probate courts and their predecessors, held, in effect, that the devolution of title to property on the death of its owner was the essential function of probate jurisdiction and that controversies between the estate and third persons might and should, in most cases, be vested in other courts with organizations better adapted to the settlement of controversies. These are matters collaterally involved in the administration of estates and not so intimately essential to the devolution of title as to be within the exclusive constitutional jurisdiction of the probate court.
Originally at common law before the enactment of any statutes, lands were not available for the payment of debts, but resort could be had only to personal property for that purpose. Claims against the deceased had no effect on the devolution of title. Here at present the owner of a homestead may pass clear title to it unless labor claimants have resorted to their remedies. After the owner's decease it would seem logical that the legislature might provide *Page 50 
that the homestead might be distributed to the proper heirs, leaving the labor claimants to the remedies otherwise provided.
We conclude that while for convenience the legislature may properly confer upon the probate court the allowance of certain classes of claims against the estates which its organization is well adapted to deal with, such jurisdiction is the result of proper statutory definition of the general constitutional powers and may be modified by the legislature.
We therefore hold that the statute prohibiting the enforcement of such claims in the probate court is constitutional and, since by agreement discretion is not here involved, the probate court should properly have granted summary distribution.
The question of the marketability of a title which comes through summary distribution is not before us except as it might throw some light on legislative intent. But legislative intent here seems obvious. The question before us is legislative power to effectuate the intent. We hold that the power exists. In the present state of statute law, claimants may have to resort to the remedy enforced in Ramstadt v. Thunem, 136 Minn. 222, 161 N.W. 413, which may not always be effective. The remedy for any such ineffectiveness lies with the legislature.
Order reversed. *Page 51