In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of the SOUTHERN SURETY COMPANY OF NEW YORK.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of the SOUTHERN SURETY COMPANY OF NEW YORK, Appellant; LILLIAN KOJCHICH and Another, Respondents.

First Department, June 11, 1937.

*Irvin Waldman* of counsel [*Alfred C. Bennett*, attorney], for the appellant.

*Arthur Nikoloric*, for the respondents.

UNTERMYER, J. In September, 1918, Theresa Doland was appointed guardian of the claimants, at that time infants, by the Probate Court of Wayne county, Mich. She qualified by filing a bond executed by the Southern Surety Company, a New York corporation, in the sum of $1,500.

On February 24, 1930, the guardian filed her account, wherein she reported cash on hand of $1,482. On March 22, 1932, the Southern Surety Company was placed in liquidation by an order of the Supreme Court, New York county, and the Superintendent of Insurance was directed to take possession of the property and liquidate its assets pursuant to the Insurance Law. The order fixed October 22, 1932, as the last day for the filing of claims in accordance with section 424 of the Insurance Law.

The claimants filed a proof of claim on September 28, 1932, alleging that a petition to remove the guardian had been filed on August 24, 1932, and that a hearing thereon had been set for September 27, 1932. On September 22, 1932, the Probate Court of Wayne county made an order to the effect that the guardian had not administered the estate according to law, and directing her removal. On January 10, 1933, almost three months after the last day for the filing of claims had expired, the Probate Court of Wayne county fixed the liability of the removed guardian and directed that she pay to the attorney for the petitioners the sum of $2,405.39, which, however, she has never paid.

The claim was rejected by the Superintendent, except as a contingent claim, not entitled to share under section 425 of the Insur-

ance Law in the assets unless the estate were found to be solvent. The referee sustained the conclusion of the liquidator, but the Special Term denied confirmation of the referee's report, holding the claim not to have been contingent on October 22, 1932.

We think the claim was contingent until January 10, 1933, because no action could have been maintained against the guardian or the surety until the entry of the decree against the guardian on the accounting, followed by refusal or neglect on her part to perform. This is true though the guardian had previously been removed for failure to administer the estate according to law, because, even then, the surety's liability was contingent on the result of the accounting, in which all proper items of debit and credit could be considered, from which it might appear that the guardian was not indebted to the estate. A cause of action against the surety would only then arise upon non-payment by the guardian of any sum found to be due and directed to be paid. The referee found this to be the law of the State of Michigan (Compiled Laws of Michigan, §§ 15790, 15934, 15935 and 15943). And see *Tudhope* v. *Potts* (91 Mich. 490; 51 N. W. 1110); *Rice* v. *Wilson* (129 Mich. 520; 89 N. W. 336). Such is the law of this State (*Hood* v. *Hood*, 85 N. Y. 561; *Hood* v. *Hayward*, 124 id. 1) and such also is the generally accepted rule. (3 Schouler on Wills, Executors and Administrators [6th ed.], § 2566; *Hantzch* v. *Massolt*, 61 Minn. 361; 63 N. W. 1069; *Murray* v. *Wood*, 144 Mass. 195; 10 N. E. 822; *Kugler* v. *Prien*, 62 Wis. 248; 22 N. W. 396; *Ball* v. *LaClair*, 17 Neb. 39; 22 N. W. 118; *Allen* v. *Tiffany*, 53 Cal. 16.)

The court at Special Term relied on the decision in *Matter of Empire State Surety Co.* (214 N. Y. 553). That case was not concerned with a surety bond but with a liability policy. It involved no third persons, but only the parties to the insurance contract. Although the accident had occurred before the entry of the order of liquidation, the liability of the company was held to be absolute because it had violated its contract by refusing to defend the action brought against its assured.

It follows that at the time limited for the filing of claims no action could have been maintained against the surety, because at that time its liability on the bond was contingent.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to confirm the report of the referee granted.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; GLENNON, J., dissents.

Order reversed, with twenty dollars costs and disbursements, and the motion to confirm the report of the referee granted.