THEODORE T. ANDERSON AND ANOTHER v. GLADYS JOHNSON AND OTHERS.[1]

June 28, 1940.

No. 32,448.

[1]Reported in 293 N. W. 131.

*Laurence M. Nelson,* for appellants.

*M. H. Frisch,* for respondents.

HOLT, JUSTICE.

Plaintiffs appeal from the order sustaining defendants' general demurrer to the amended complaint. The pleading alleges that plaintiffs as partners, between September 6, 1937, and August 15, 1938, furnished material and performed services for Katie Lindgren at her request in the repair and improvement of her homestead, describing it, in St. Paul, for the agreed price and reasonable value of $199.31, only $90 whereof has been paid; that subsequent to the completion of the improvement Katie Lindgren died testate; that letters testamentary have been granted by the probate court of Ramsey county to defendants Gladys Johnson and Allen I. Nilva, who duly qualified and are administering the estate of Katie Lindgren; that by her will Katie Lindgren devised her homestead to defendants Gladys Johnson and Allen I. Nilva in trust for the benefit of defendants Hannah Cermak, Lydia Johnson, and Constance Sjolinder; that the only property other than the homestead left by Katie Lindgren was personalty of the value of $135, an insufficient amount for the expense of administration; and that plaintiffs' claim is not provable in probate court and enforceable there by virtue of 3 Mason Minn. St. 1940 Supp. § 8992-27; wherefore plaintiffs pray for judgment against defendants for $109.31, with interest from August 15, 1938, an adjudication of a lien therefor upon the homestead pursuant to Minn. Const. art. 1, § 12, and for such further relief as to the court may seem just.

The question presented by the demurrer is this: May plaintiffs, without filing their claim in probate court, sue defendants and have a lien therefor adjudged and enforced against decedent's homestead?

It is to be inferred from the pleading that the estate of Katie Lindgren is in the probate court and that administration has not been completed. That being so, it may also be assumed that notice to creditors to present their claims has been given. It is alleged that plaintiffs' claim is not provable in probate court, so the inference is that they have not filed it, and of course it is not allowed. There can be no doubt that the claim is provable against the estate of Katie Lindgren. But the question is: Is it essential so to do under the facts pleaded? The probate code, 3 Mason Minn. St. 1940 Supp. § 8992-125, provides that the administration of an estate may be closed summarily and final decree entered where "all of the property in the estate is exempt from all debts and charges in the probate court." And § 8992-27(c) provides:

"No lien or other charge against any homestead which is so exempted shall be enforced in the probate court, but the claimant may enforce such lien or charge by an appropriate action in the District Court."

This provision was held constitutional in In re Estate of Peterson, 198 Minn. 45, 50, 268 N. W. 707. In view of this law and the situation of this estate and this homestead, there appears no valid reason why plaintiffs should be first required to file for allowance their claim in the probate court when the district court alone has authority to enforce it against the homestead. It is true plaintiffs had an ample remedy under the mechanics' lien law against this homestead and failed to avail themselves thereof; but they also have other remedies since the constitution was amended by art. 1, § 12, subjecting homesteads to "seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same." Nickerson v. Crawford, 74 Minn. 3 6 6, 77 N. W. 292, 73 A. S. R. 354; Bagley v. Pennington,

76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637; Hasey v. Mc-Mullen, 109 Minn. 332, 123 N. W. 1078.

Had this claim been allowed in the probate court there could be no doubt that the action would be maintainable in virtue of 2 Mason Minn. St. 1927, § 9664. But since under the present law, § 8992-27, the enforcement of no lien or charge against a decedent's homestead may be had in the probate court, there seems no reason for there filing such a claim or seeking its allowance. Both sides cite Ramstadt v. Thunem, 136 Minn. 222, 161 N. W. 413, where it was held that a suit was maintainable against the heirs of a decedent, to the extent of the property inherited, the sole property being the homestead, where no order had been made to file claims in the probate court. It was stated in the opinion that a creditor who fails to present a provable claim for allowance in the probate court is barred of his right to recover of the heirs, citing Hill v. Nichols, 47 Minn. 382, 50 N. W. 367; Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, but saying that those cases did not involve a situation where [136 Minn. 224] "no order limiting the time for the presentment of claims was made, where the only property, a homestead, was decreed to the heirs, and where the plaintiff's debt was excepted from the operation of the homestead statute." It is clear that the court confined the decision to the facts of that case under the then applicable statute. Where, as here, plaintiffs have no chance to have their claim enforced in the probate court for lack of assets, other than the homestead, and the probate court is forbidden to enforce any claim against the homestead, there is no good reason for requiring plaintiffs to do the useless act of establishing a claim in the probate court before seeking its enforcement against the homestead in the district court.

Reversed.

PETERSON, JUSTICE (concurring specially).

I concur in the result. Plaintiffs' claim is neither a lien nor a charge on the homestead. It is a mere debt, which

can become a lien only by the recovery and docketing of a judgment or by attachment. We so held in In re Estate of Peterson, 198 Minn. 45, 268 N. W. 707, where we construed the new probate code, L. 1935, c. 72, 3 Mason Minn. St. 1940 Supp. § 8992-1, *et seq.* That case merely follows the rule of our prior decisions in such cases as H. E. Westerman Lbr. Co. v. Raschke, 167 Minn. 243, 208 N. W. 960; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078; Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 A. S. R. 354.

The distinction as pointed out in Nickerson v. Crawford, *supra,* is that in the one case the homestead is subject to a specific lien or charge, and in the other that it is subject to seizure and sale for the debt. A lien and a debt are enforceable as such.

The distinction controls decision in cases involving the priority of claims as it did in Bagley v. Pennington, 76 Minn. 226, 78 N. W. 1113, 77 A. S. R. 637, where the question was whether an attachment based on claim for labor and material was a lien on a homestead entitled to priority over a subsequent conveyance. If such a debt is given the status of a lien, one whose debt is for labor and material must be accorded the rights of a lien holder as against conveyances, attachments, and other liens. That is contrary to our settled law.

Plaintiffs' claim is enforceable as a debt, not as a lien or charge on the homestead. It is apparent from 3 Mason Minn. St. 1940 Supp. § 8992-107, that the liens and charges referred to in § 8992-27 are those that were in existence at the time of the decedent's death, such as mortgages, mechanics' liens, and the like. Quite apart from § 8992-107, the meaning is clear that § 8992-27 refers to liens and charges in existence at such time and not those that might be created after death by legal proceedings or otherwise. Under § 8992-107 a creditor may recover from the next of kin, legatees, or devisees "to the extent of the assets received, upon any claim not required to be filed by Sec-

tion 101." In In re Estate of Peterson, *supra,* 198 Minn. 45, 50, 268 N. W. 707, 709, we held that a debt for labor and services was not required to be filed, where there are no assets for payment of claims other than the homestead, since the homestead is exempt from such debts "in the probate court." The several sections of the probate code are discussed in the Peterson case showing that the reasonable construction of the statute is that where the homestead is the only property a claim for labor and material is not provable in the probate court. Under § 8992-107 claims which are not required to be filed are not barred. Therefore this claim is not barred. It is enforceable against the heirs to the extent that the homestead is an asset received by them. The homestead is not exempt from claims for labor and material under the constitution. Hence the heirs are liable to plaintiffs to the extent of, and a judgment in favor of plaintiffs against defendants on the claim may be enforced against, the homestead. The principle is the same as in Ramstadt v. Thunem, 136 Minn. 222, 161 N. W. 413, where we held that a debt not barred by the nonclaim statute could be enforced against the heirs to the extent of property of the decedent received by them.