HIRAM WILSON and others *vs.* JOHN S. PROCTOR, Administrator, and another.

May 9, 1881.

**Homestead — Occupation by Widow before Assignment by Probate Court — Payment of Taxes and Repairs.—** W., at the time of his decease, occupied as a homestead a house and three lots, on a certain block in the city of Stillwater, forming one tract or parcel of land. The house was situate, in part, upon each of the three lots. From and after his decease his widow continued to occupy said house and lots as a homestead, without objection by any one. No particular part of said lots had ever been selected by the widow, or set apart by the probate court to her, as a homestead. The administrator of the estate of W. made repairs on the property, and paid the taxes upon the entire tract, which were assessed thereon after the death of W., and during the occupancy of the property by the widow, and charged the same to the estate of the deceased. *Held,* that it was the duty of the widow, and not of the administrator, to make repairs and pay taxes upon the homestead during the time she used and occupied the same, and that the administrator had no right to use the personal assets of the estate in making such repairs or paying such taxes.

**Same—Selection by or Assignment to the Widow.—** Under the laws of this state the method of dedicating land as a homestead is by visible use and occupancy; and where the homestead is included in and is a part of a single tract containing more than the amount of land allowed by law as a homestead, the purpose of a selection by the widow or family, or of an order of court assigning the homestead to them, is not to vest the homestead right or estate in them, for this is already done by operation of law by virtue of their use and occupancy. The only purpose of such selection or order is to ascertain and determine the exact boundaries of the homestead, and of the excess of the tract which may be the subject of administration.

**Same—Omission by Widow to make Selection.**—An omission of the widow to make a selection in such case does not render the entire tract assets of the estate for the purposes of administration. In such case, if the administrator desires to assert his right to the possession of the excess of the tract, it is his duty to take steps to have the boundaries of the homestead ascertained, and thus ascertain what part of the tract he is entitled to the possession of.

**Same—"Lot" defined.**—The word "lot," as used in the homestead law, is not synonymous with "tract" or "parcel," but is to be understood in the sense of a village, town, or city lot, according to the survey and plat of the village, town, or city in which the property is situated.

John S. Proctor, as administrator of the estate of Harvey Wilson, deceased, presented his account to the probate court of Washington county for allowance. On the hearing, Hiram Wilson and others, heirs of the deceased, objected to the allowance of certain charges for taxes, insurance and repairs on the household goods and homestead of deceased, the widow of deceased having continued and still being in possession of the same. These items were disallowed. The administrator and widow appealed to the district court for the same county, *Crosby,* J., presiding, where the order of the probate court was reversed as to two items, one of $30.55 for repairs of fence around homestead, and another of $266.64 for taxes paid upon the lots in which was the homestead. From this order the heirs appealed.

*J. N. & I. W. Castle,* for appellants.

*McCluer & Marsh,* for respondents.

MITCHELL, J.* This cause comes up on appeal from an order of the district court, reversing, in part, an order of the probate court, and allowing the two items in the administrator's account hereinafter referred to. From this order, allowing these items, the heirs appeal to this court.

The facts were all stipulated upon the trial in the court below, and are as follows: "That the house occupied by Mary Wilson, the widow of the deceased, was the homestead of the said deceased at the time of his death; that the same, and the lots pertaining thereto, were occupied by his said widow continuously, from and after his said

*Cornell, J., owing to illness, took no part in this case.

decease, as such homestead, by virtue of being the widow of deceased, without objection on the part of any one; that the real estate pertaining to said house consisted of three lots of a certain block in the city of Stillwater, lying side by side, each lot being 50x150 feet, and forming a tract 150 feet square; that said house is situate in part upon each of these lots; that no particular part of said lots had been selected by said widow or set apart by the probate court as belonging or appertaining to said house, and as comprising with it said homestead.   *   *   *   The item of $30.55 was paid by the administrator for repairs of fence around said lots, made by him after the death of the deceased; that the item of $266.64 was for three years' taxes upon said house and lots, accruing after the death of the deceased." These items of $30.55 and $266.64 are those from the allowance of which this appeal is taken.

From this state of facts it is clear that the widow had a homestead right in these premises, to the extent of the house and a quantity of ground on which the same was situate, not exceeding in amount "one lot," the premises being situated in the laid-out or platted part of a city containing over 5,000 inhabitants.   The duty of paying taxes and making repairs upon this homestead, during the continuance of the homestead right, devolved upon the widow, and not upon the estate of the decedent.   This duty the law always imposes upon the person who has such present interest or estate in real property as entitles him to enjoy the use and occupation, and to receive the rents and profits of the estate.   The case of a tenant of an estate for life is an illustration of the application of this doctrine almost too familiar to require the citation of authorities.   1 Washburn, Real Property, 97; Hilliard on Taxation, *c.* 6, § 24*a*.   But it was argued that, inasmuch as the widow had made no formal selection of a homestead, and no decree had been made by the probate court assigning a homestead to her, therefore she had no *vested* right or estate to or in any part of this tract, and that, until this was done, the whole remained assets of the estate in the hands of the administrator; therefore it was his duty to pay taxes upon the whole property, and to keep it in repair.

We think this is a mistaken view of the nature of the homestead

right, and of the method of dedicating land as a homestead under our laws. We do not think that the homestead right of the widow or family of a decedent is dependent or contingent upon any formal act of selection on their part, or upon any order or decree of any court assigning it to them. Whatever may be the law in some states, under different statutes, it seems to us that under our statute the method of dedicating land as a homestead is by visible occupancy and use. *Barton* v. *Drake*, 21 Minn. 299; *Ferguson* v. *Kumler*, 25 Minn. 183; Thompson on Homesteads and Exemptions, § 231. The date of the occupancy of the land is the date of homestead right. The purpose of a selection by the widow or family, or of an order of the probate court setting apart a homestead to them, is not to vest title in her or them, for that is already done by law. The only object of such selection or order is to determine whether there is any excess which may be the subject of administration, and to ascertain the exact boundaries or limits of such excess. The homestead right of a widow or minor children is no new right or estate. They have no general right of selection out of the whole body of the decedent's property. Their right is simply a transmission to them, or continuance in them, of the same right previously vested in the decedent and his family at the time of his death. The right vested in the widow at the instant of the death of her husband, without any act of selection on her part, or order of the court, although one or both of these might be necessary to determine the precise boundaries of the homestead, where it was a part of a tract larger than the quantity allowed by law. The homestead, therefore, never becomes, even for an instant, a part of the estate of a decedent for the purposes of administration, so long as the homestead right continues.

In the present case there was vested in the widow, by virtue of the visible occupancy and use thereof by herself and husband before his death, and by herself after his death, a homestead right or estate in this tract of land to the amount of one lot, upon which it was her duty, and not that of the estate, to pay taxes and make repairs. True, she was occupying, under the claim of a homestead right, more land than she was by law entitled to; for it appears that this property was situated within the laid-out or platted portion of the city of

Stillwater, which, it was admitted upon the argument, had more than 5,000 inhabitants. The homestead in such case is limited to a quantity of land not exceeding in amount one "lot." The word "lot," as used in our statute, evidently is not to be understood as synonymous with the words "tract" or "parcel," but in the sense of a city, town or village lot, according to the survey and plat of the city, town or village in which the property is situated.

This construction of the statute is not free from difficulty, but it is in accordance with the manifest intention of the legislature, and seems to be the only construction that is practicable or reasonable. But in such case it was the duty of the administrator, if he desired to assert his right to the remainder of the tract for the purposes of administration, to call on the widow to designate, by selection, the boundaries of her homestead, or take some other steps to have the boundaries of her homestead determined and fixed, so as to ascertain what part of the tract he was entitled to the possession and control of as administrator. But, instead of so doing, he allows the widow to enjoy the use of the whole tract, and then applies the personal assets in his hands to make repairs and pay taxes upon the entire property. The manifest injustice of this to the next of kin, to whom the personal estate of the decedent belonged, points pretty conclusively to the conclusion that the course adopted by the administrator in this case was not the correct one.

Whether, under the circumstances, the administrator might not, with the consent of the next of kin or creditors, or under the direction of the probate court, be authorized to make repairs or pay taxes upon the homestead, when such becomes necessary, owing to the default of the occupants to save the reversionary interest of the estate from waste or forfeiture, we do not now determine. No such supposed state of facts is made to appear in this case. Neither is it necessary to consider whether, in the present case, the administrator might not, under a proper showing, be entitled to be allowed a certain portion of the moneys thus expended by him, for the reason that the facts, as stipulated, furnish no basis for any such apportionment.

We are, therefore, of opinion that these two items contained in the

administrator's account ought not to have been allowed. Ordered, therefore, that the cause be remanded to the district court, with instructions to modify its order or judgment in accordance with this opinion.