**JOHN LUNDBERG *vs.* PAUL SHARVEY, Sheriff, and another.**

June 20, 1891.

Homestead—"Lot" in City or Village. — Under the statute exempting homesteads (Gen. St. 1878, *c.* 68, § 1) the quantity of land exempt in any town, city, or village having over 5,000 inhabitants is to be determined by the size of lots according to the survey and plat upon which the land claimed is platted, and not by the plats of other portions of the town, city, or village.

Appeal by defendants from an order of the district court for St. Louis county, *Stearns*, J., presiding, overruling their demurrer to the complaint.

*Hollembaek & Wood*, for appellants.

*Thomas J. Mitchell*, for respondent.

GILFILLAN, C. J. According to the complaint the plaintiff is the owner of two adjoining lots in Portland division of Duluth, according

to the recorded plat thereof, on which stands, partly on each lot, the dwelling-house occupied as their residence by himself and family. As we understand the complaint, the lots in that division, including those of the plaintiff, are 25 feet wide by 140 feet deep, while in the remainder of the platted portion of the city of Duluth the ordinary size of lots is 50 feet by 140 feet. The defendant the bank, having a judgment against him, has caused execution to issue and to be levied upon the two lots. The action is to set aside the levy, the plaintiff claiming that both lots are exempt because of his homestead. The statute (Gen. St. 1878, c. 68, § 1) exempts "a quantity of land not exceeding in amount one lot, if within the laid-out or platted portion of any incorporated town, city, or village, having over five thousand inhabitants." In *Wilson* v. *Proctor,* 28 Minn. 13, (8 N. W. Rep. 830,) the court had occasion to define the word "lot" as used in this statute, and it was held not to be synonymous with "tract" or "parcel," but to be used in the sense of a city, town, or village lot, according to the survey and plat of the city, town, or village in which the property is situated. It was admitted that the construction was not free from difficulty, but it is the only one indicated by the terms of the act, and any other would lead to greater difficulty. There would be no trouble in applying the term as thus construed if city, town, and village lots were uniform in size, so that the word would express a fixed standard of quantity. But, as every one knows, they vary not only as between different cities, towns, and villages, but as between different parts of or additions to the same city, town, or village. Thus, in some additions to the city of St. Paul, lots are 60 by 150 feet, in others 50 by 150, in others 40 by 120 to 150. In such case, which size of lots is to be taken to ascertain the quantity exempt? If the homestead is claimed in an addition where the lots are 40 by 120, is that size or the size in some other addition where they are 60 by 150 to be taken as the measure of the quantity to be exempt? No reason can be given to justify going from one addition over to another to get the measure of quantity that would not equally justify going for that purpose to some other city, town, or village. The only practicable rule is, to be governed by the plat in which the land claimed is laid out or platted. It is true in a plat there may

be fractional lots or lots materially less than the ordinary size of lots on the plat, but in such case the ordinary or prevailing size in the addition would probably be taken as the measure. The case seems a hard one, but there is no other way of disposing of it that would be justified by the statute.

Order reversed.