(Russell, J., of the Fourth Circuit, taking the place of Allread, J.)

†STATE EX REL. V. BOARD OF EDUCATION OF VAN BUREN TOWNSHIP.

1. APPICATION OF MONEY BY BOARD OF EDUCATION TO BUILD A SCHOOL HOUSE.
   An injunction will not be granted to prevent a board of education from applying money in its treasury from taxes levied to build a school house to the refunding of money by it borrowed in anticipation of such taxes and used for such purpose, and in the mode which it lawfully might have used the money arising from such taxes.

2. AUTHORITY OF PROSECUTING ATTORNEY TO BRING SUIT FOR INJUNCTION.
   The prosecuting attorney, in his official capacity, has no authority to bring suit for such injunction.

SUMMERS, J.

This suit was brought in the court of common pleas of Darke county by the prosecuting attorney of that county, in the name of the state on the relation of himself as such officer against the defendant, above named, the board of education of one of the townships of said county, the treasurer of said township and board, and the Farmers' National Bank

†Affirmed by the Supreme Court, without report, 53 O. S., 656.

of Greenville, O.  The averments of the amended petition are, in sub-
stance, that the board, in order to provide means to rebuild and furnish
a school house in subdistrict number five, of that township, in August,
1894, executed and delivered to the defendant bank a bond for seven hun-
dred dollars, a copy of which is set out; that the question of levying
taxes and issuing bonds in anticipation thereof for the purpose of build-
ing said school house, never had been submitted to a vote of the electors
of the township; that said board, between the third Monday in April and
the first Monday in June of that year, had estimated and levied the en-
tire amount of money necessary to be levied for said year for all purposes,
and that said levy amounted to seven mills on the dollar, etc.; that the
board had made no estimate of the amount of money necessary to build
said building and no levy to provide means for the payment of the bond,
and that the bond was issued without any compliance whatever with sec-
tion 3991 of the Revised Statutes, as amended; that the board was with-
out authority to issue and deliver the bond, and that it was illegal and
void, and constituted no valid or binding obligation of the board; and
that the board, unless enjoined, would misappropriate and misapply the
public funds and moneys of said township school district to the payment
of the amount due on said bond, contrary to, in violation of and in con-
travention of the laws of the state.  The second cause of action is the
same, except that it is on a bond for the same amount, falling due six
months later, and an injunction was prayed for.

A demurrer was filed and overruled, and answers were then filed,
averring in substance that the school house for said subdistrict, having
been closed on account of being unsafe, the board decided to build a new
one ; that plans and specifications were prepared, bids advertised for,
and the contract let as provided by law; that to provide the means to
pay for the building and to furnish it, the board had included in the levy,
which it had made for that year, and which did not exceed the rate al-
lowed by law, the sum of $1,800; that the board, at a regular meeting,
had decided that it was a matter of urgent necessity that the building
should be erected without delay and in time for the use of said subdis-
trict within the coming school year, and that in order to accomplish this
it would be necessary to borrow $1,400 in anticipation of the amount
which had been levied for that purpose ; that the $1,400 were obtained
from the defendant bank, upon the bonds set out in the petition; that
the building had been completed according to contract to the satisfaction
of the board and the taxpayers of said district ; that the same had been
accepted by the board in October, and then was, and ever since has been,
in use for school purposes; that the money so obtained from the bank
had been used for paying for said school house and for no other purpose;
that in obtaining said money upon said bonds in anticipation of taxes,
the board had acted in good faith, to the best interests of the district,
and in accordance with a custom which had not theretofore and was not
then questioned by the taxpayers of said district ; that the obtaining of
the money and the use to which it was to be applied were known to the
relator before any of it had been so expended, but that neither he nor
any one else had taken any steps to prevent such expenditure.

To these answers, general demurrers were interposed and sustained,
and the defendants not desiring to plead further, a decree was granted
enjoining defendants from refunding the money, and they appeal to this
court.

In passing upon the questions raised by the demurrers to the answers, it is not necessary to determine whether the board proceeded in accordance with the provisions of section 3991 *et seq.*, of the Revised Statutes. These sections are not a limitation upon the powers conferred by other sections, but were enacted to enable the board to provide the money necessary to accomplish the objects therein specified when it could not be done by levy; and the board here does not claim to have acted under these sections.

Nor is it necessary to determine whether the board had the implied power to borrow money and issue bonds therefor, for this is not a suit to enjoin the board from borrowing money, or to recover on the bonds, but an action seeking to enjoin the board from refunding money by it obtained, upon bonds, in anticipation of taxes lawfully levied, and used for a purpose and in a manner authorized by law.

The weight of authority is to the effect that while an action cannot be maintained upon bonds issued without authority by corporations of the character under consideration, yet it can be to recover the money actually received by the corporation when it remains in its treasury or has been appropriated by it to some authorized purpose. DILLON, J., in *Gause* v. *Clarksville*, Federal Cases No. 5276; *Borough of Henderson* v. *County of Sibley*, 28 Minn., 15.

*Pimental* v. *City of San Francisco*, 21 Cal., 352, was an action to recover money paid into the city treasury on a void sale of real estate by the city to the plaintiff. One of the defenses was that inasmuch as the city officers had no authority to make the sale, they had no authority to pay the money into the city treasury and that therefore no obligation could be fastened upon the city from such unauthorized act. FIELD, C. J., says: " The position thus restricted in its statement is undoubtedly correct, but the facts of the case go beyond this statement. They show an appropriation of the proceeds, and the liability of the city arises from the use of the moneys, or her refusal to refund them after their receipt. The city is not exempted from the common obligation to do justice, which binds individuals. Such obligation rests upon all persons, whether natural or artificial. If the city obtains the money of another by mistake, or without authority of law, it is her duty to refund it, from this general obligation. If she obtains other property which does not belong to her, it is her duty to return it, or if used to render an equivalent therefor, from the like obligation. *Argenti* v. *San Francisco*, 16 Cal., 282. The legal liability springs from the moral duty to make restitution, and we do not appreciate the morality which denies in such cases any rights to the individual whose money or other property has been thus appropriated. The law countenances no such wretched ethics; its command always is to do justice."

So, in *Bank of Chillicothe* v. *Mayor of Chillicothe*, 7 Ohio, pt. II. 35, decided at the December term, 1836, which was an action upon bonds of the town given for borrowed money, and in which it was held that the town had, by implication, the power to borrow money, and that a contract borrowing money for the use of the town, bound the corporation for repayment. Hitchcock, J., says: "I cannot see the great difference whether a corporation shall be indebted to A. for labor in repairing streets or buildings; or to B. for money borrowed to pay A. for this same labor. The moral obligation to pay would be the same in either case. In the cases now before the court, there is nothing illegal in the

5 C. C. 29

consideration, and there is no violation of any positive law or moral principle in the premises. The undertakings are not to do an illegal act, but to refund money actually borrowed. The plaintiff violated no principle of law in loaning the money, and certainly there would be nothing immoral in the defendants paying it. On the contrary, we think its payment is required by every principle of moral honesty, and prohibited by no arbitrary rule of law."

It follows that the court erred in sustaining the demurrers to the answers.

The demurrers to the petitions, in addition to the general ground, stated the following: "That said S. V. Hartman, as prosecuting attorney of said county, has no authority to institute said proceeding." It is claimed, on behalf of the relator, that if the statutes do not expressly confer the authority, they do so by implication, and that if he has not the authority, then there is no remedy, because the taxpayers cannot maintain the suit. We are referred to sections 366, 1273, 1277 and 3977 of the Revised Statutes. It is, perhaps, sufficient to say that the state is not a party to this suit, excepting as relator of his own motion has made it a party, and that in none of these sections is the power expressly conferred upon him to bring suit under such circumstances as are set up in the petition, and we do not think the authority is derived by implication. We are also referred to *The State, ex rel. the Prosecuting Attorney*, v. *The Treasurer of German Township*, 1 O. C. D., 532. That was a suit brought by the prosecuting attorney to enjoin the payment of a warrant, and the question of the authority of the prosecutor to bring the action was not raised, and the injunction was dissolved and the petition dismissed. As to the right to maintain such a suit by a resident taxpayer, while the absence of such right would not change our conclusions, it may be not improper to say that in view of the decision in *Weir* v. *Day*, 35 Ohio St., 143, we do not think the existence of such right would be denied.

We think, therefore, the demurrers to the petition should be sustained, the injunction dissolved and the petition dismissed, and such a decree will be entered.

*Sater & Robeson*, for Board of Education.

*Knox, Martz & Rupe*, for the Bank.

*S. V. Hartman, Prosecuting Attorney, J. E. Breaden, Jr.* and *Anderson & Bowman*, for Plaintiff.

(The judgment in this case was affirmed by the supreme cour October 1, 1895, 53 O. S., 656).