## GUSTINE RUX v. WILHELMINA ADAM.[1]

### June 13, 1919.

### No. 21,147.

**Homestead — deed void.**

1. Eighty acres of land and the dwelling house thereon, owned by a married man who had left his wife and children, and which were occupied by him with a woman unlawfully living with him as his wife, constituted his homestead as defined by G. S. 1913, § 6957. His deed, not signed by his lawful wife, was void as to such homestead.

**Same — descent at death of owner.**

2. Upon his death, intestate, such homestead descended to his lawful wife and children and their rights therein vested on the day he died, without any acts on their part or on the part of the probate court.

**Same — probate court without jurisdiction to determine ownership.**

3. His widow had the right to invoke the aid of the probate court in determining the boundaries of his homestead, it being part of a tract of 120 acres, but that court had no jurisdiction to determine claims to the land which might be made by defendant under a deed of the entire tract from decedent. Defendant's rights under such a deed were

[1]Reported in 172 N. W. 912.

adverse to those of plaintiff as decedent's widow and did not rest upon a will or the laws of descent. The final decree of the probate court, determining that the land which is the subject matter of this action constituted decedent's statutory homestead at the time of his death, does not preclude defendant from litigating in this action the question of whether it was in fact his homestead.

**Adverse possession — evidence insufficient.**

4. The evidence falls short of establishing defendant's claim of title to the land in controversy by adverse possession.

**Occupying claimant not entitled to compensation.**

5. It justified a finding that the occupant thereof was not entitled to compensation by virtue of G. S. 1913, § 8070, for improvements made thereon.

**Same — want of actual notice — consideration.**

6. Under the occupying claimant's statute, one claiming compensation for improvements made on the land of another must prove, among other things, want of actual notice of the claim upon which the action to recover possession is founded previous to the time of making the improvements, and the payment of a valuable consideration for the land. The evidence did not require a finding that the former requisite existed. As to the latter requisite, a recital of a consideration in the deed to the occupant is not proof of the payment thereof as against a third person.

Action in the district court for Marshall county to recover possession of certain premises, $500 damages for detention thereof and $700 for rents and profits. The answer alleged that for more than 15 years defendant had been in actual, open and continuous possession of the premises under claim of right to the ownership thereof, and while in such possession procured from John Rux, who held the legal title to the premises, a warranty deed of the same which was set out at length. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff for the immediate possession of the premises. Defendant's motion for amended findings and conclusions of law was denied. From an order denying her motion for a new trial, defendant appealed. Reversed.

*A. N. Eckstrom,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

Lees, C.

This is a contest between the widow of John Rux, deceased, and another woman with whom he lived during the last 20 years of his life. It involves 80 acres of land, alleged to have been the statutory homestead of Rux at the time of his death, of which defendant has possession and from which plaintiff seeks to eject her. The case was tried without a jury and the findings were in plaintiff's favor. Defendant appeals from an order denying a new trial.

Defendant is in possession and asserts title under a deed from Rux, and has made improvements for which she claims compensation under the occupying claimant's statute.

Rux married plaintiff in Germany in 1858. They came to the United States in 1870, settling in Indiana, where they lived on a farm until 1890, when the farm was sold and the money received for it divided between them. Immediately thereafter they separated, he leaving her and coming to Minnesota, while she continued to live in Indiana with the children. They were never divorced. Mrs. Rux never saw her husband or heard from him after he left her in 1890.

He came from Indiana to Renville county in this state, where he joined the defendant and with her went to Marshall county, acquired title to 120 acres of land including the land now in litigation, and he and she lived upon and improved it for farming purposes. They lived together as husband and wife, although no marriage ceremony was ever performed. They had six children. In 1908 Rux executed a warranty deed of the entire tract to defendant, reciting a consideration of $1,000. It was not signed by plaintiff.

In 1909 he died intestate. Thereafter defendant and her children continued to occupy the farm. In September, 1911, plaintiff's daughter ascertained that her father had been living in Marshall county and went there to investigate. She testified that she recognized defendant; that she had previously met her in 1884 or 1885 in Indiana when she had lived for a time with her brother, Gust Adam, on a farm near the Rux home; that defendant inquired whether plaintiff had come with her; that she was then living with her children in a very old house and spoke of building a new one saying: "she couldn't build a new house until after she had made a settlement with my mother."

In 1912 defendant erected a new dwelling house, barn and granary, and made other improvements on the easterly of the two forties here involved. She has also paid the taxes on the land since she got her deed.

In 1916 the probate court of Marshall county made its final decree of distribution of the estate of John Rux, deceased, wherein it was found that the north half of the northwest quarter of section 8, township 155, range 43, which is the land in litigation, constituted his homestead at the time of his death and descended, by virtue of the statutes of this state to plaintiff, as his widow, for the term of her natural life with remainder in fee to her children. A one-third interest in the other forty—the southwest quarter of the southwest quarter of section 5 in the same township and range was decreed to plaintiff in fee. This decree has never been appealed from or modified.

1. When Rux executed the deed to defendant he occupied the house upon the premises conveyed, hence some portion thereof constituted his homestead as defined by G. S. 1913, § 6957; Kelly v. Baker, 10 Minn. 124 (154); Ferguson v. Kumler, 27 Minn. 156, 6 N. W. 618. As to the homestead, the deed was void because his wife did not join in its execution. G. S. 1913, § 6961; Barton v. Drake, 21 Minn. 299. The fact that she was not living with him is of no consequence. Without her signature his deed to his homestead was a nullity. Murphy v. Renner, 99 Minn. 348, 109 N. W. 593, L.R.A.(N.S.) 565, 116 Am. St. 418.

2. Upon his death in 1909, the homestead descended to his wife and her children, and their rights therein vested and became absolute as of the day when he died, without any acts on their part or on the part of the probate court. G. S. 1913, § 7237; Wilson v. Proctor, 28 Minn. 13, 138 N. W. 830; Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265; Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941.

3. The forty on which the buildings were located when he died and one of the two forties adjoining it constituted his homestead. It was necessary to segregate it from the remainder of the land, and his widow had the right to invoke the aid of the probate court in determining the boundaries of the homestead. G. S. 1913, § 7307; Wilson v. Proctor, supra. But that court was without jurisdiction to determine defendant's

claim to the land under her deed from Rux. Admittedly the deed was a valid conveyance to her of an undivided two-thirds of at least one of the three forties described therein. Undoubtedly the west forty in section 8, upon which the original buildings were located, was part of the homestead, but, aside from the final decree, we find nothing in the record to show that the easterly forty was also included in the homestead. Rux acquired title to the three forties by a patent from the United States covering all of them. It does not appear that he ever did or said anything indicating that he had selected the eighty in section 8 as his homestead. Defendant was not a party to the proceedings in the probate court. She has a claim to part of the land under her deed from Rux. She acquired some rights by the deed adverse to the rights of plaintiff as his widow. Her rights do not rest upon a will or the laws of descent, hence, so far as she was concerned, the probate court could not determine that the easterly forty, upon which she had built and where she resided, was part of the Rux homestead, and that plaintiff and her children were the sole owners thereof. This is the effect of the decision of this court in Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L.R.A. 1916D, 421, and of the cases there cited.

There must be a new trial in order to afford both parties an opportunity to produce competent evidence which will enable the district court to determine, as an original question in that court, what land constituted the homestead of Rux when he died.

There are other questions presented by this appeal which are likely to arise again and so we have concluded to indicate our views upon them at this time.

4. Defendant cannot prevail on the strength of her claim of title by adverse possession. Her possession up to the time when Rux died lacked the essential elements of hostility and exclusiveness. They lived together as man and wife in the dwelling house on the land. The testimony that Rux said the land "was for his children and the woman" merely tended to show that he wanted them to have it after he died. Only since his death in 1909 can her possession be said to be adverse.

5. The statute giving to an occupying claimant the right to compensation for improvements made on land from which he is ejected, conditions

the existence of the right upon color of title in fee in the occupant, peaceable possession taken in good faith, the giving of a valuable consideration for the conveyance, and want of actual notice of the claim upon which the action to recover possession is founded, previous to the time of making the improvements. G. S. 1913, § 8070. The record fails to show the existence of at least two of these essentials. The deed to defendant recites payment of a consideration of $1,000, but there was no proof of the actual payment of any consideration whatever. As a general rule the recital of a consideration in a deed is no evidence against a third person not a party to the deed. Jones, Evid. § 469; 2 Wharton, Evid. §§ 1041, 1042; 2 Dev. Deeds, § 821. The testimony of plaintiff's daughter, if true, showed that defendant knew Rux was a married man, that he had a wife and children in Indiana whom he had abandoned, and that in 1911, a year before she made the improvements, she knew that she would have to settle with plaintiff before she could safely proceed to build. If she had such knowledge, she was chargeable with actual notice of plaintiff's claim before she made the improvements, and hence cannot recover their value, by virtue of the statute.

Order reversed.