IN RE ESTATE OF GUNDER CHRISTIANSON.
FRANK OLSON, APPELLANT.[1]

March 9, 1934.

No. 29,717.

[1]Reported in 253 N. W. 661.

167

*M. A. Brattland, Ole J. Vaule,* and *William P. Murphy,* for appellant.

*Grady & Grady,* for respondent.

*DEVANEY, Chief Justice.*

Appeal from a judgment of the district court annulling probate proceedings had in the matter of the estate of Gunder Christianson, decedent. Gunder Christianson died intestate in 1904 leaving a wife and nine children. His estate consisted solely of an 80-acre homestead, which his widow occupied until her death in 1926. June 18, 1932, 28 years after decedent's death and six years after the widow's death, two of the children petitioned the probate court for the appointment of an administrator. Letters of administration were duly issued to Frank Olson, who subsequently filed an inventory, listing as the only assets of the estate the aforementioned homestead and an uncollectible claim of $320 against Syvert Christianson, one of the nine children. Syvert Christianson had occupied the homestead from the time of his mother's death in 1926 until the commencement of this action, and this claim represents the reasonable rental value of the land. On February 25, 1933, Syvert Christianson duly filed in the probate court objections to the jurisdiction of that court in this matter on the broad grounds that the probate court had no jurisdiction over a homestead. This contention was overruled by the probate judge, who decreed the land to the nine children equally, subject to a life estate in the widow (then deceased), and decreed two-thirds of the personalty to the nine children, share and share alike. On appeal, the district court found, however, that the probate court had no jurisdiction. This appeal follows.

The only question is whether the probate court has jurisdiction of a homestead upon the owner's decease. We think it has. 2 Mason Minn. St. 1927, § 8729, provides:

"Whenever any person dies leaving real estate, or some interest therein, and no will has been proved nor any administration granted thereon in this state within five years after his death, or real property has been omitted in the administration or in the final decree, any person claiming an interest in such real estate may petition the probate court of the county wherein the same or any part thereof is situated to determine its descent and assign it to the persons entitled thereto."

Respondent contends that the petitioners' only remedy was for a decree of heirship under this statute and was not by means of a petition for administration. In answer to this, it suffices to point out that the statute says: "any person * * * *may* petition." The statute is optional, not mandatory, provides merely one mode of procedure, and is not exclusive. The statute first appeared in 1897. L. 1897, c. 157. Prior to that time it was the universal practice for the probate court to take jurisdiction of the homestead under administration proceedings for the purpose of ascertaining heirs, establishing a record title, etc. Since 1897 there has been in existence this second optional and less expensive method of accomplishing the same result. But the probate court has not in any sense lost its original jurisdiction and power. It is clear that by the use of the word "may" the intendment of the statute was not to provide this as an exclusive method. We are especially inclined so to regard this statute in view of the fact that in some cases, though not in the one at bar, it would work a hardship to compel the heirs to wait five years as by this statute they must before proceeding.

We agree with respondent that where there has been no will the homestead under our statute (2 Mason Minn. St. 1927, § 8719) goes to the children of decedent in fee subject to a life estate in the surviving spouse immediately upon the owner's death. We are in full accord with the cases respondent cites and the language therein

contained, to the effect that the homestead never for an instant becomes a part of the estate for the purposes of administration. Wilson v. Proctor, 28 Minn. 13, 8 N. W. 830; Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941; Rux v. Adam, 143 Minn. 35, 172 N. W. 912; In re Estate of Murphy, 146 Minn. 418, 178 N. W. 1003, 179 N. W. 728; In re Application of Lee, 171 Minn. 182, 213 N. W. 736; Tomlinson v. Kandiyohi County Bank, 162 Minn. 230, 202 N. W. 494. The homestead is not a part of the estate in that it cannot be subjected to the general creditors' claims or the expenses of administration. Yet we think the probate court has jurisdiction over the homestead for several purposes before the five-year period specified in 2 Mason Minn. St. 1927, § 8729, has run. (a) It has jurisdiction to render a decree of distribution of the homestead to establish a record title. (b) It has ancillary jurisdiction to determine who are the heirs entitled to all or a share of the homestead in the event of a dispute. (c) It has jurisdiction to determine what are the limits of, or which part of a larger tract of land constitutes, the homestead. (d) It has jurisdiction to sell the homestead, not for payment of debts, but if the parties consent and it is deemed advisable, under 2 Mason Minn. St. 1927, § 8834. Since there may be other situations in which the probate court has original jurisdiction over the homestead, the foregoing enumeration is not intended to be exclusive. For a general discussion of the probate court's original jurisdiction, see In re Estate of O'Connor, 191 Minn. 34, 40, 253 N. W. 18.

In this case petitioners could have proceeded under 2 Mason Minn. St. 1927, § 8729, above quoted, because all conditions were met, including the five-year lapse of time. Rather they chose an awkward, inconvenient, and more expensive method. But that does not justify a dismissal on the theory that the probate court had no jurisdiction. The probate judge might well have advised petitioners of this easier method originally and thus saved this litigation.

Reversed.