[1] Reported in 279 N.W. 266.
This case comes here on an appeal from a judgment of the district court entered pursuant to an order for judgment affirming an order of the probate court licensing a sale of a homestead to pay legacies provided for in the will of Eric W. Anderson, who died June 28, 1934, leaving a will by which he bequeathed to his brother Anders Gustave Anderson, of Karlskoga, Sweden, the sum of $3,000, and to his niece Hulda Walin, of Minneapolis, the sum of $1,000. All of the rest, residue, and remainder of his estate, both real and personal, of whatever kind, name, and nature, wheresoever situated, *Page 515 
he gave, devised, and bequeathed to his sisters-in-law, Anna Axberg and Charlotta Nelson, in fee simple absolutely, equally, share and share alike.
The principal part of Anderson's estate was a 40-room rooming house in Minneapolis, known as the Ferndale Hotel, at 409 Sixth street south, which he occupied as a homestead. This was appraised at the sum of $19,500 at the time his estate was inventoried. He possessed 200 acres of land in Carlton county which the appraisers estimated to be of no value. They appraised the furniture and equipment in the rooming house at $300. He had 20 participating units in the Minneapolis Gas Light Company of par value of $2,000 which were appraised at the sum of $1,000. He had $766.21 in a savings bank and $8.50 in another bank in Minneapolis, as well as a checking account in which there was $109.15. His wife had predeceased him by some two or three years, and he had no children or issue of deceased children surviving him.
In the administration of the estate $2,542.28 was realized from the sale of personal property and income from the rooming house, and from this sum $1,977.62 was expended, including such major items as $465.71 for taxes, $605.40 for funeral expenses, $400 attorney's fees, a doctor bill of $170.75, and various other smaller items. Evidently the furniture of the rooming house was not sold, for in the petition for right to sell the homestead it was listed as on hand and of the appraised value of $300. The petition lists the balance on hand as $864.66. The probate court licensed the sale of the homestead for the purpose of paying debts, administration expenses, and legacies. The district court on appeal affirmed the order of license on the ground that it was necessary for the payment of legacies only and held that there was sufficient personal estate to pay all debts and expenses. Apparently there were no debts except those listed as paid in the petition. To this petition for license to sell, the two sisters-in-law objected, and they are appellants here. It is their position that the residuary clause of the will devised the homestead to them; that there is no authority in the probate court to license the sale of the homestead except for the best interests of those interested therein and with the consent *Page 516 
of those who have a life estate or a greater interest which includes a life estate therein. They also contend that prior to our statutes, in the absence of a contrary declaration in the will, personal property only was available for the payment of legacies. On the other hand, the respondent contends that under our statutes the homestead, as well as nonexempt real estate, is available for legacies and that the circumstances under which the will was made indicate an intention to charge the homestead with the payment of the legacies.
Under the rule laid down in Larson v. Curran, 121 Minn. 104,107, 140 N.W. 337, 44 L.R.A.(N.S.) 1177, where there is no surviving spouse or child, the homestead passes by virtue of a residuary clause such as we have here unless a contrary intention appears. In the absence of statute charging real estate with the payment of debts or legacies, real estate is not available for such payments under a general direction to pay. Here there was no general direction to pay legacies. But under our statute, 2 Mason Minn. St. 1927, § 8834 (now superseded by § 146 of the probate code [3 Mason Minn. St. 1936 Supp. § 8992-146]), in force at the time of Anderson's death, nonexempt real estate was made available for such purposes. G. S. 1913, § 7336, provided:
"When there is not sufficient personal estate in the hands of the executor or administrator to pay all the debts and legacies and the allowance to the widow and minor children, the probate court may, on petition of the executor or administrator, order the sale of the real estate, or so much thereof as may be necessary, to pay the same."
G. S. 1913, § 7344, provided:
"The real estate of a decedent or ward may be sold under license of the probate court in the following cases:
"1. When the personal estate of a decedent is insufficient to pay his debts, the legacies, if any, and the expenses of administration, or the court shall deem it for the best interests of the estate and of all persons interested therein."
Under these sections a homestead when devised passed free from debts. Eckstein v. Radl, 72 Minn. 95, 75 N.W. 112. It did not *Page 517 
become part of the estate for purposes of administration. Wilson v. Proctor, 28 Minn. 13, 16, 8 N.W. 830; In re Estate of Christianson, 191 Minn. 166, 253 N.W. 661. Nor, in our opinion, did it become subject to the payment of legacies in the absence of testamentary intention. It is the contention of respondent that exempt real estate was also made available by L. 1921, c. 268 (2 Mason Minn. St. 1927, § 8834), which was the last amendment prior to the probate code. That chapter amended § 7344 to read as follows:
"The real estate of a decedent including the homestead of such decedent or ward may be sold under license of the probate court in the following cases:
"1. When the personal estate of a decedent is insufficient to pay his debts, the legacies, if any, and the expenses of administration, or the court shall deem it for the best interests of the estate and of all persons interested therein; provided that such homestead shall not be sold except on the ground that it is for the best interests of all persons interested therein and with the written consent of the life tenant therein; the proceeds of any such sale of a homestead shall be considered real estate and distributed to the same persons and in the same share as if it had remained real estate."
It seems clear to us that the legislature by the amendment of 1921 did not intend to subject the homestead to the payment of the debts or legacies or the expenses of administration but only to permit its sale under license when in the opinion of the probate court the best interests of the persons who would otherwise take the homestead would be served by its sale and the distribution of the proceeds to such persons. Therefore, insofar as the question of its liability to the payment of legacies is concerned, § 8834 should be read as if it had not been amended by L. 1921, c. 268. Consequently, unless the will under the circumstances in which it was made discloses an intent on the part of the testator to incorporate the homestead into that part of his estate which is subject to the payment of legacies, they do not become a charge on the homestead. The trial court found as a fact: *Page 518 
"At the time decedent made his will he did not have sufficient personal property to pay the legacies provided in said will, and there has not since been and is not now sufficient personal property remaining in said estate to pay the legacies bequeathed in said will to Anders Gustave Anderson, a brother of said deceased, and Hulda Walin, a niece of said deceased, amounting in all to the sum of $4,000. That the personal property in the hands of the executor is sufficient to pay the expenses of administration * * * that it is for the best interests and benefit of said estate and for the payment of said legacies that said hotel property be sold as directed by the order of the probate court."
There was no finding that the sale would be for the best interest of the persons interested in the homestead. From these findings it seems quite apparent that the trial court ordered the sale on the theory that the statute permitted the probate court to license a sale of the homestead for the purpose of paying legacies. As we regard the statute, the homestead may not be sold to pay legacies merely because the personal estate is insufficient for that purpose. On appeal from the probate court the district court exercises probate jurisdiction only (Hause v. O'Leary, 136 Minn. 126, 161 N.W. 392), and where no spouse or child survives the testator and the homestead is devised, if the will as properly interpreted discloses an intent to charge the homestead with payment of such part of the legacies as the personal estate is insufficient to pay, normally the homestead should be decreed to the persons to whom it was devised subject to such payment, leaving to a court of equity the enforcement of the charge. Dunnell, Minn. Pr. Law, § 957, note 54, and cases cited. Such a course is much fairer to the devisees.
Whether in the interpretation of this will we should adopt the New York rule as summarized in the cases of Ely v. Megie,219 N.Y. 112, 113 N.E. 800, and Carley v. Harper, 219 N.Y. 295,301, et seq., 114 N.E. 351, or follow the numerical weight of authority as indicated by the note in 42 A.L.R. 654, etseq., we do not here need to decide. That question may be presented after the trial court has passed upon it, but it should not be determined here except *Page 519 
after thorough examination and presentation by opposing counsel. This case must be remanded for further proceedings in harmony with the views expressed herein.
Judgment reversed.