[1] Reported in 282 N.W. 471.
This case is here upon an appeal from a judgment of the district court affirming an order of the probate court licensing the sale of the northeast quarter of section 11, township 114, range 30, situate in McLeod county, Minnesota. The south half of the above property was the homestead of Gustav Schultz, who died testate on August 23, 1933, his wife, Emelia, his daughters Alma, Clara, and Esther, and son Harry, surviving him. By his will Gustav bequeathed and devised to his wife:
"* * * the use, occupation, and income of all my property, real, personal and mixed, for and during the term of her natural *Page 566 
life, and she shall use so much thereof as is necessary as shall provide her the comforts and necessities of life suitable to a person of her station of life." He then released his daughters Alma and Clara and their husbands from certain obligations and provided:
"I further give and bequeath to my daughter, Esther Schultz, the sum of $5,000 which sum of $5,000 shall be specific lien upon my farm in Round Grove Township, McLeod County, Minnesota, and which bequest shall become payable three years after the death of my said wife, Emelia, without interest upon said bequest unless the same is not paid within three years after my said wife dies.
"6th. All the rest, residue, and remainder of my estate of every kind and description subject to the bequest of a life estate to my said wife in paragraph 2nd herein and further subject to the bequest to my daughter, Esther, in paragraph 5th herein, I give, devise and bequeath to my son Harry Schultz absolutely and forever."
Emelia died September 8, 1933. The personal property belonging to Gustav's estate has been converted into cash and the representative has on hand $2,048.55. There are unpaid claims allowed against the estate to the amount of $7,258.67, and there is an estimated probate expense of $500.
The appellant contends that the lower courts erred in ordering a sale of the homestead either to pay the debts or expenses of administration or the bequest to Esther. Under the provisions of 2 Mason Minn. St. 1927, § 8719, and the other sections cited and construed in In re Estate of Anderson,202 Minn. 513, 279 N.W. 266, 116 A.L.R. 82, the homestead when devised descends free of debts. We need not here repeat the discussion which led us to that conclusion in the case cited.
The tenor of paragraph six of the will makes it perfectly plain that the testator intended to charge the entire farm, including the homestead, with the legacy to Esther. Under such circumstances, the homestead should be decreed to the persons to whom it was devised, subject to such payment, leaving to a court of equity the *Page 567 
enforcement of the charge. Section 27 of the new probate code [3 Mason Minn. St. 1938 Supp. § 8992-27], which went into effect July 1, 1935, before this license to sell was granted, prohibits the enforcement in the probate court of any lien or charge against the homestead.
It results that the order of license of the probate court should be reversed insofar as it relates to the homestead and that if the sale of the other real estate does not satisfy the claims against the estate and the expenses of administration as well as the legacy to Esther the unpaid balance of that legacy will be a charge upon the homestead which may be enforced in a court of equity.
The judgment appealed from is reversed with directions to the lower court to proceed in accordance with the views expressed in this opinion.