In re the ESTATE OF Thomas J. VAN DEN BOOM, Deceased.

No. C4–98–1512.

Court of Appeals of Minnesota.

March 30, 1999.

Review Denied May 26, 1999.

Richard A. Ohlsen, Richard A. Ohlsen, Ltd., Brainerd, for appellant Gary F. Van Den Boom.

Charles P. Steinbauer, Virginia J. Knudson, Borden, Steinbauer & Krueger, P.A., Brainerd, for respondent Robert Janzen.

Ryan E. Langsev, Bale, Anderson, Polstein, Pearson & Hill, Ltd., Minneapolis, for respondent Arlene M. Van Den Boom.

Considered and decided by HARTEN, Presiding Judge, SHUMAKER, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, * Judge.

Gary Van Den Boom appeals from the district court's order directing personal representative Robert Janzen to sell the family homestead to pay administrative debts of the estate. In his will, Thomas J. Van Den Boom granted his wife, Arlene Van Den Boom, a life estate in the homestead, with a remainder interest in decedent's four children. Gary Van Den Boom argues: (1) the personal representative cannot defeat the interests of the remaindermen by selling the homestead; (2) the homestead is not subject to administrative debts; and (3) he is entitled

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

to attorney fees. We agree and reverse and remand.

## FACTS

On June 11, 1986, Arlene M. Van Den Boom (decedent's widow) married Thomas J. Van Den Boom (decedent). Decedent's will was executed on December 5, 1986. Decedent died on October 11, 1992, survived by his wife and four children from his first marriage, one of whom is appellant Gary F. Van Den Boom (Van Den Boom).

Decedent's will states in pertinent part:

### Article I

I direct that all of my debts, expenses of last illness and funeral expenses be paid as soon as possible after my death.

### Article II

After the payment of my just debts and expenses of last illness and funeral expenses, I give, devise and bequeath my estate as follows: To my wife, ARLENE M. VAN DEN BOOM, I give a life estate in our homestead located in Aitkin County, Minnesota, with the remainder interest in the homestead to my children, GARY VAN DEN BOOM, KAY SICHAK, WAYNE VAN DEN BOOM and BRUCE VAN DEN BOOM, in equal shares with the right of representation.

Respondent Robert Janzen was appointed personal representative of decedent's estate. Janzen filed an inventory and appraisement with the court on December 1, 1993. In May 1995, decedent's widow moved to close the estate, which Van Den Boom contested. A hearing was held, and the parties reached an agreement regarding personal property. Decedent's widow was awarded a life estate in the real property, with the remainder interest in the children, as directed by the will. Janzen was to proceed with the closing of the estate, which he failed to do.

Decedent's widow, upon a second motion to close, was reimbursed by the district court

art. VI, § 10.

for funeral expenses, income taxes, real estate taxes, and property insurance premiums, and Janzen was commended for his discharge of duties. On appeal, this court affirmed in part and reversed in part the district court's decision regarding these expenses. *In re Estate of Van Den Boom*, No. C0–97–590, 1997 WL 526308 (Minn.App. 1997), *review denied* (Minn. Oct. 31, 1997). As a result of this litigation, Janzen incurred significant attorney fees and expenses, which he submitted to the court.

Janzen and decedent's widow requested that decedent's homestead be sold to pay the debts and obligations of the estate, which included decedent's funeral expenses, decedent's 1992 federal and state income tax liabilities, maintenance, and Janzen's attorney fees and compensation. The district court approved the request to place the homestead on the market for sale. Van Den Boom appeals this decision.

## ISSUES

Did the district court err when it directed the personal representative to sell the homestead where the decedent's widow was awarded a life estate with a remainder in decedent's children?

Did the district court abuse its discretion when it declined to award attorney fees to appellant?

## ANALYSIS

■ This court will not set aside a district court's findings of fact unless clearly erroneous. Minn. R. Civ. P. 52.01; *Gjovik v. Strope*, 401 N.W.2d 664, 667 (Minn.1987). Yet, this court is not bound by, and need not give deference to, a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ A personal representative is entitled to compensation for his services based upon certain statutory factors. *See* Minn.Stat. § 524.3–719 (1998) (including such factors as time, labor, complexity, and responsibility as-

sumed). Further, the personal representative "is entitled to receive from the estate necessary expenses and disbursements including reasonable attorneys' fees incurred." Minn.Stat. § 524.3–720 (1998). Finally, a personal representative is authorized to make certain transactions. Minn.Stat. § 524.3–715 (1998). This statute states in pertinent part:

> *Except as restricted or otherwise provided by the will* or by an order in a formal proceeding and subject to the priorities stated in section 524.3–902, a personal representative, acting reasonably for the benefit of the interested persons, may properly: * * *
>
> (23) sell, mortgage, or lease any real or personal property of the estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for unpaid balances, provided, however, that the homestead of a decedent when the spouse takes any interest therein shall not be sold, mortgaged or leased unless the written consent of the spouse has been obtained[.]

*Id.* (emphasis added).

1. Life Estate and Remainder Interest

Van Den Boom argues the district court erred in concluding that Minn.Stat. § 524.3–715(23) authorizes Janzen to sell the homestead based solely on decedent's widow's written consent. We agree that the district court erred. The Minnesota Uniform Probate Code is construed "to discover and make effective the intent of a decedent in distribution of property." Minn.Stat. § 524.1–102(b)(2) (1998). Despite decedent's widow's consent, decedent's will places a substantial restriction on the sale of the homestead. Decedent's widow received only a life estate in the homestead; decedent devised a remainder interest to his four children.[1]

■ An estate in possession is one in which the owner has an immediate right to possession of the real estate. Minn.Stat. § 500.07 (1998). An estate in expectancy is

---

1. Respondent does not argue, nor does the record reflect, that the district court's permission to sell the homestead was limited to the life estate interest of decedent's widow. It is undisputed that the sale was to include the interests of both the widow and the remaindermen.

one in which the right to possession is postponed to a future period; this expectancy is termed a remainder when dependent upon a precedent estate. *Id.;* Minn.Stat. § 500.11, subd. 1 (1998). Van Den Boom and his siblings have a vested remainder in the homestead because decedent's widow has only a life estate. *See* Minn.Stat. § 500.12 (1998) (stating remainders are only contingent while person to whom, or event upon which, they are limited to take effect remains uncertain). Most importantly:

> No expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate, by disseizin, forfeiture, surrender, merger, or otherwise.

Minn.Stat. § 500.15, subd. 1 (1998).

■ We conclude that probate law procedures cannot be separated from these basic rules of real property law. One can only convey what one has, and thus a remainder interest cannot be defeated by a life tenant. *Weber v. Eisentrager,* 498 N.W.2d 460, 464 (Minn.1993). Even if decedent's widow were to convey the homestead by quitclaim deed, she could only transfer her own interest. *See id.* at 463 (noting quitclaim deed can only transfer interest held by grantor); *Ashbaugh v. Wright,* 152 Minn. 57, 61, 188 N.W. 157, 158 (1922) (explaining a deed by life tenant merely grants life estate and grantee acquires no interest against the remaindermen). To the extent the district court's permission to sell the homestead affected interests of the remaindermen, without their consent, that permission was granted in error.

**2.** Both parties recognize the applicability of Minn.Stat. § 525.145 (1992), which was in effect at the time of decedent's death. This statute was repealed in 1995, but a very similar statute, Minn.Stat. § 524.2–402 (1996), was adopted in 1994. 1995 Minn. Laws ch. 130, § 21; 1994 Minn. Laws ch. 472, § 32. Minn.Stat. § 525.145 provides in pertinent part:
> (1) Where there is a surviving spouse the homestead * * * shall *descend free from any testamentary or other disposition thereof to which the spouse has not consented in writing* or as provided by law, as follows: * * *.

## 2. Homestead Exemption

■ Van Den Boom also argues that the homestead is not subject to sale because it is not part of decedent's estate for purposes of administration. Respondents do not deny that the homestead is exempt for purposes of estate administration,[2] but argue that sale of the homestead is permissible here because decedent's widow agreed in writing to the sale. Both parties make persuasive arguments. The weight of each argument must be tested, however, against the extent of the proponent's interest in the homestead.

We agree with Van Den Boom that the homestead is not part of the estate for administration purposes, and, therefore, absent written agreement of the interested parties, the district court was without authority to order that the homestead be sold. The homestead exemption "has long been recognized as important in providing a 'sanctuary' for a debtor's home, notwithstanding the just demands of creditors." *State Bank v. Euerle Farms, Inc.,* 441 N.W.2d 121, 124 (Minn.App. 1989) (citations omitted), *review denied* (Minn. July 27, 1989); *see also* Minn. Const. art. I, § 12 ("A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability.").

Minn.Stat. § 525.145(3) (1992)[3] provides that when a homestead passes to the surviving spouse and children, it is exempt from all debts that were not owed at the time of death. No administrative costs applied at the time of the death of the testator here. Therefore, administrative costs could not be "valid charges" on the homestead. The statute is consistent with Minnesota common law which indicates that a decedent's homestead is not considered part of the estate for purposes of administration. *See Dills v. Axberg*

* * * *
> (3) Where the homestead passes by descent or will to the spouse or children or issue of deceased children, it shall be *exempt from all debts which were not valid charges thereon at the time of decedent's death* * * *.
(Emphasis added.)

**3.** The current version of this statute, Minn.Stat. § 524.2–402(c) (1998), includes a similar provision.

*(In re Anderson's Estate)*, 202 Minn. 513, 517, 279 N.W. 266, 268 (1938) (indicating homestead passed free of debts); *Christianson v. Olson*, 191 Minn. 166, 169, 253 N.W. 661, 662 (1934) (noting homestead never, for an instant, becomes part of estate for purposes of administration).

 In answer to Van Den Boom's argument that the homestead is exempt from administration proceedings, respondents urge that because decedent's widow agreed in writing to the sale of the homestead, requirements of the exemption statute have been met and the sale is permissible. We agree with respondent on this point, with an important qualification. Decedent's widow could agree to the sale of whatever interest she had in the homestead. As already determined, that interest was limited to a life estate. She could sell the life estate; she could not give permission to sell the interests of the remaindermen.

Caselaw supports our conclusion as to the protection offered by the homestead exemption to remaindermen. In *Eustice v. Jewison*, 413 N.W.2d 114, 121 (Minn.1987), a wrongful death judgment against a decedent was held not to defeat the interests of remaindermen in the homestead property, even though the holder of the life estate had abandoned her homestead rights. The court noted:

> Prior decisions of this court support the children's position. A surviving spouse who receives only a life estate in the homestead cannot encumber the rights of the surviving children who possess the remainder in fee.

*Id.* at 120. We conclude, therefore, that while decedent's widow could agree in writing that her interest in the homestead be sold, she could not defeat the homestead exemption rights of the remaindermen in that property.

3. Attorney Fees

 Generally, this court will not reverse a district court's denial of attorney fees unless there has been an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987). Van Den

Boom argues the district court abused its discretion in denying his request for attorney fees and argues that he is an interested person pursuant to Minn.Stat. § 524.3–720, pursuing this claim for the benefit of the estate.[4] We agree. The statute states:

> When after demand the personal representative refuses to prosecute or pursue a claim or asset of the estate or a claim is made against the personal representative on behalf of the estate and any interested person shall then by a separate attorney prosecute or pursue and recover such fund or asset for the benefit of the estate, *or when, and to the extent that, the services of an attorney for any interested person contribute to the benefit of the estate, as such,* as distinguished from the personal benefit of such person, such attorney shall be paid such compensation from the estate as the court shall deem just and reasonable and commensurate with the benefit to the estate from the recovery so made or from such services.

Minn.Stat. § 524.3–720 (emphasis supplied). Van Den Boom, as an interested person, acted for the benefit of the estate by keeping a major asset intact. His attorney is entitled to fees. The reasonableness of the attorney fees, however, is a question of fact. *See In re Estate of Baumgartner*, 274 Minn. 337, 346, 144 N.W.2d 574, 580 (1966) (stating allowance of compensation rests in discretion of district court). We reverse the denial of attorney fees and remand for determination of reasonable attorney fees.

### DECISION

The district court erred in directing the personal representative to sell the homestead where the homestead exemption applied and where sale of the homestead would impair the rights of the remaindermen. Further, Van Den Boom is entitled to reasonable attorney fees.

**Reversed and remanded.**

---

**4.** The district court denied Van Den Boom's attorney fees because it did not find decedent's widow and Janzen requested the homestead be sold for personal gain and because it determined that they acted in good faith in an attempt to close the estate.